Docket No. 106139.

# IN THE
# SUPREME COURT
# OF
# THE STATE OF ILLINOIS

THE COOK COUNTY REPUBLICAN PARTY, Appellant, v. THE ILLINOIS STATE BOARD OF ELECTIONS *et al.*, Appellees.

*Opinion filed January 23, 2009.*

JUSTICE KILBRIDE delivered the judgment of the court, with opinion.

Chief Justice Fitzgerald and Justices Thomas, Garman, and Karmeier concurred in the judgment and opinion.

Justices Freeman and Burke took no part in the decision.

## OPINION

The Cook County Republican Party filed several complaints with the Illinois State Board of Elections (Board) alleging violations of the Election Code (Code) (10 ILCS 5/1–1 *et seq.* (West 2004)), by Democratic Party ward organizations, ward chairmen, and ward committeemen. Following closed preliminary hearings, the Board dismissed the complaints on tie votes. The appellate court determined that the dismissals were subject only to limited judicial review of whether the Board acted contrary to law in dismissing the complaints. We hold that the dismissals are subject to judicial review of all questions of law and fact presented by the record, including whether the complaints were filed on justifiable grounds under section 9–21

of the Code (10 ILCS 5/9–21 (West 2004)). Accordingly, we reverse the appellate court's judgment and remand for further proceedings.

## I. BACKGROUND

On August 30, 2005, the Cook County Republican Party (Party) filed eight complaints with the Board alleging campaign finance violations by the respondent Democratic Party ward organizations, ward chairmen, and ward committeemen. The various complaints asserted that the respondents violated the Code by: (1) using publicly funded office space for political activities; and (2) failing to report the use of office space as an "in-kind" contribution on campaign financial disclosure statements filed with the Board. Two of the complaints also alleged that some of the respondents violated the Code by failing to file a political committee statement of organization.

Closed preliminary hearings were held on the complaints over several days. Following those hearings, the hearing officer found justifiable grounds for the complaints. Accordingly, the hearing officer recommended proceeding to public hearings before the Board.

The Board then held a closed executive session to consider the complaints. See 10 ILCS 5/9–21 (West 2004). The Board heard arguments from the parties and also asked for a recommendation from its general counsel. The Board's general counsel recommended dismissal of the complaints, explaining:

> "[L]ooking through all the evidence submitted, I don't see in here where they have alleged the specific facts that indicate that political activity, at least to the extent that has been suggested by the complainant's counsel, took place in these offices. I mean, everything that I've read and the testimony that I read–certainly not in the complaint itself. *** I don't think the facts as alleged were specific enough to warrant a declaration that this was filed on justifiable grounds. *** I'm not sure that a ten-minute visit in August would be enough to establish what they're alleging. I note that the affidavit stated clearly that no political activity was observed. There was no literature, no–really there wasn't really anything there substantively that caused me to believe, oh, yes, without a doubt, this is a functioning political ward office that is not

-2-

declaring the receipt of in-kind contributions. There had been a couple cases where I think it was close with the testimony of the witnesses saying that a nominal level of activity, a meeting right before the election with precinct captains or a drop-off point for literature; but, even if that were true, that's still–breaking that down, would that be an in-kind contribution in excess of $150 that would have to be reported?"

In a series of four-to-four votes, the Board failed to determine that the complaints were filed on justifiable grounds. See 10 ILCS 5/9–21 (West 2004). The Board subsequently filed orders dismissing the complaints for "lack of justifiable grounds." The dismissal orders stated that the Board did not adopt the findings of the hearing officer, but adopted the recommendation of its general counsel that insufficient grounds existed to warrant public hearings.

The Party appealed the Board's dismissal of the complaints directly to the appellate court, as provided by section 9–22 of the Code (10 ILCS 5/9–22(1) (West 2004)). The appellate court ordered supplemental briefing on the scope of review. In their supplemental briefs, the Board and the Party agreed that the appellate court's review extended to whether the complaints established justifiable grounds to warrant a public hearing. The Party also argued that section 9–21 of the Code (10 ILCS 5/9–21 (West 2004)) violates the constitutional right to equal protection if the merits of tie-vote dismissals are not reviewable.

The appellate court determined the Board made no factual findings, and the court had no authority to determine *de novo* whether the complaints were filed on justifiable grounds. Therefore, the appellate court concluded that its review of the tie-vote dismissals was limited to whether the Board acted contrary to law. The appellate court found the Board clearly acted in compliance with section 9–21 of the Code in dismissing the complaints after failing to determine that they were filed on justifiable grounds. The court further held that the Party forfeited its argument on the constitutionality of section 9–21 because it was raised for the first time in the supplemental briefing ordered by the court. Accordingly, the appellate court affirmed the Board's dismissal of the complaints. 378 Ill. App. 3d 752.

Justice Gordon concurred in part and dissented in part, asserting that section 1A–7 of the Code (10 ILCS 5/1A–7 (West 2004)) does not allow the Board to adopt any findings or reasons for its dismissal without a five-vote majority. Thus, there is essentially nothing for the appellate court to review in cases of tie-vote dismissals. Justice Gordon, therefore, concluded that tie-vote dismissals are not reviewable. Given that conclusion, Justice Gordon would have considered the Party's equal protection argument and declared section 9–21 unconstitutional because deadlock dismissals are not subject to judicial review, but dismissals by majority vote are reviewable. 378 Ill. App. 3d at 764 (Gordon, J., concurring in part and dissenting in part).

We allowed the Party's petition for leave to appeal. 210 Ill. 2d R. 315(a). The respondents subsequently filed a motion to dismiss the appeal under Supreme Court Rule 361 (210 Ill. 2d R. 361). In their motion, the respondents asserted that the final orders issued by the Board did not refer to tie or nonmajority votes. Thus, according to the respondents, this court must presume that the complaints were dismissed based on majority votes. The respondents argued that the appeal should be dismissed because it is premised upon reviewing the effect of tie votes by the Board, but the final orders do not reflect tie votes. We entered an order taking the respondents' motion with the case.

## II. ANALYSIS

We first address the respondents' motion to dismiss this appeal. The motion essentially argues that the appeal should be dismissed because it is premised on reviewing the effect of a tie vote by the Board, but the record does not reflect that vote.

We recognize that the Board's final orders do not facially indicate tie votes on the complaints. Further, the orders state that the complaints were "dismissed due to lack of justifiable grounds." A deadlock vote technically results in dismissal for *failure to determine* that the complaints were filed on justifiable grounds. 10 ILCS 5/9–21 (West 2004). Thus, viewed in isolation, the Board's orders could indicate that the complaints were dismissed by a majority vote.

-4-

Despite any shortcomings in the Board's final orders, we are not required to ignore the clear evidence of the tie votes in the hearing transcript. See *People v. Peeples*, 155 Ill. 2d 422, 496 (1993) (an oral statement controls when the report of proceedings and common law record conflict). A review of the transcript of the closed preliminary hearing clearly indicates the Board voted four-to-four on each of the complaints. We will not disregard the clear vote shown in the transcript of the hearing absent plain evidence that it did not reflect the Board's true vote. While the final orders should have stated the complaints were dismissed for "failure to determine" that they were filed on justifiable grounds, that error does not conclusively show the complaints were dismissed by majority vote of the Board. Thus, we find the record establishes that these complaints were dismissed on tie votes. Given that finding, we deny the respondents' motion to dismiss the appeal.

On appeal to this court, the Party argues that the tie-vote dismissals by the Board are subject to judicial review on the merits. Alternatively, if those dismissals are denied judicial review, the Party contends that the Code violates the constitutional guarantee of equal protection because complaints dismissed by majority vote receive full review while those dismissed by tie vote would not be reviewable. The Party further argues that *de novo* review is appropriate here because the Board did not take any action or make any findings of fact or conclusions of law. Thus, the appellate court had no Board action or decision to grant deference. The Party also contends that the evidence presented at the closed preliminary hearings established the justifiable grounds required to proceed to a public hearing on each of the complaints.

As in the appellate court, the Board agrees that tie-vote dismissals are reviewable on the merits under the Code. Those dismissals may be reviewed by assessing the members' reasons for voting to dismiss the complaints. The dismissals should be reviewed for an abuse of discretion because the statutory standard of "justifiable grounds" amounts to a legislative grant of discretion to dismiss complaints following a preliminary investigation. The Board further contends that the orders and transcript of the hearing provide a sufficient record to permit judicial review. The Board argues its orders should be affirmed on the grounds stated in the general counsel's

recommendation adopted by the members voting to dismiss the complaints.

The respondents advance several arguments in support of the Board's dismissal of the complaints for lack of justifiable grounds. The respondents also contend that the Board's tie-vote dismissals are not judicially reviewable under section 9–21 of the Code. The respondents maintain that the Board acts in an investigatory capacity when conducting a closed preliminary hearing to determine whether a complaint has been filed on justifiable grounds. According to the respondents, the Board's exercise of judgment and discretion in its investigatory capacity must be "absolute, final and non-reviewable." The respondents also argue that denying judicial review of tie-vote dismissals does not violate the constitutional right to equal protection of the law.

We must first decide whether the tie-vote dismissals are subject to judicial review under the Code. If those dismissals are reviewable, we must determine the scope of review. These are questions of statutory interpretation reviewed *de novo*. *Murray v. Chicago Youth Center*, 224 Ill. 2d 213, 228 (2007). The fundamental rule of statutory interpretation is to ascertain and give effect to the legislature's intent. *Krautsack v. Anderson*, 223 Ill. 2d 541, 552-53 (2006). The best indication of the legislature's intent is the statutory language given its plain and ordinary meaning. *People v. Jamison*, 229 Ill. 2d 184, 188 (2008). We must construe a statute in a manner that upholds its constitutionality if reasonably possible. *People v. Molnar*, 222 Ill. 2d 495, 508 (2006).

In reviewing the framework of the Code, we note several significant sections. The Board consists of eight members. 10 ILCS 5/1A–2 (West 2004). Four members must be affiliated with the Governor's political party and four must be "affiliated with the political party whose nominee for Governor in the most recent general election received the second highest number of votes." 10 ILCS 5/1A–2 (West 2004). Five votes are required for an action of the Board to become effective. 10 ILCS 5/1A–7 (West 2004).

Any person may file a verified complaint with the Board alleging a campaign finance violation. 10 ILCS 5/9–20 (West 2004). Upon receiving a complaint, the Board holds a closed preliminary hearing to determine whether it "appears to have been filed on justifiable

grounds." 10 ILCS 5/9–21 (West 2004). We note that this court interpreted a prior version of section 9–21 in *Illinois Republican Party v. Illinois State Board of Elections*, 188 Ill. 2d 70 (1999). At that time, section 9–21 provided " '[i]f the Board determines that the complaint has not been filed on justifiable grounds, it shall dismiss the complaint without further hearing.' " *Illinois Republican Party*, 188 Ill. 2d at 72-73, quoting 10 ILCS 5/9–21 (West 1996). Given that language, we interpreted the Code to require a public hearing if a five-member majority failed to dismiss the complaint as not filed on justifiable grounds. *Illinois Republican Party*, 188 Ill. 2d at 73-75.

Following our decision in *Illinois Republican Party*, the legislature amended section 9–21 by enacting Public Act 93–574 (Pub. Act 93–574, §5, eff. August 21, 2003). The amendment altered the critical language interpreted by this court in *Illinois Republican Party*. Section 9–21 now provides, "[i]f the Board *fails to determine* that the complaint has been filed on justifiable grounds, it shall dismiss the complaint without further hearing." (Emphasis added.) 10 ILCS 5/9–21 (West 2004). Thus, our interpretation of section 9–21 in *Illinois Republican Party* has been superseded by the legislature because the language of that statute has been fundamentally altered.

Under section 9–21, as amended, a complaint must be dismissed if the Board fails to find that it was filed on justifiable grounds. 10 ILCS 5/9–21 (West 2004). In this case, the Board failed to determine that the complaints were filed on justifiable grounds when it voted four-to-four on that question. Thus, the Board complied with the clear directive of section 9–21 by dismissing the Party's complaints after failing to determine that they were filed on justifiable grounds.

The Code further provides for judicial review. 10 ILCS 5/9–22 (West 2004). Section 9–22 states:

> "Any party to a Board hearing, any person who files a complaint on which a hearing was denied or not acted upon within the time specified in Section 9–21 of this Act, and any party adversely affected by a judgment of the Board may obtain judicial review, which shall be governed by the provisions of the Administrative Review Law ***." 10 ILCS 5/9–22 (West 2004).

Section 9–22 clearly allows a party adversely affected by a judgment of the Board to seek judicial review. The Board's orders state they are "final and appealable." Hence, the orders are judgments of the Board. The Party was adversely affected because the orders resulted in dismissal of its complaints without a public hearing. Those dismissals are, therefore, subject to judicial review under the plain language of section 9–22. Accordingly, a plain reading of sections 9–21 and 9–22 compels us to conclude that the tie-vote dismissals of these complaints are subject to judicial review in the appellate court under the provisions of the Administrative Review Law.

Next, we must consider the scope of judicial review of the Board's dismissals. The appellate court held that its review was limited to whether the tie-vote dismissals were in compliance with section 9–21. The review consisted of counting the votes of the Board members to determine whether the Board properly dismissed the complaints. See 10 ILCS 5/9–21 (West 2004). The appellate court held that the Board complied with section 9–21 and, therefore, affirmed the Board's dismissals.

Initially, we note that the appellate court's review cannot be deemed meaningful. The review performed by the appellate court was a simple ministerial act of confirming the Board's decision was correct based on the vote count. The legislature cannot have meant for "judicial review" by the appellate court to be limited in that manner.

The legislature plainly intended tie-vote dismissals to be subject to judicial review under section 9–22 of the Code. The legislature did not limit the judicial review of tie-vote dismissals in any way. See 10 ILCS 5/9–22 (West 2004). Rather, section 9–22 states that judicial review is governed by the Administrative Review Law. 10 ILCS 5/9–22 (West 2004). The scope of review under the Administrative Review Law extends to "all questions of law and fact presented by the entire record before the court." 735 ILCS 5/3–110 (West 2004). We must, therefore, conclude that the legislature intended the tie-vote dismissals to be subject to judicial review of whether the complaints were filed on justifiable grounds.

Unlike the appellate court, we do not believe the absence of specific factual findings adopted by a majority of the Board prevents or impedes review. On this point, we find instructive the decision in *Democratic Congressional Campaign Committee v. Federal Election*

*Comm'n*, 831 F.2d 1131 (D.C. Cir. 1987). In that case, the six-member Federal Election Commission (FEC) dismissed a complaint based on a deadlock vote. The Court of Appeals determined that the governing Act's judicial review provision did not preclude review of dismissals based on deadlock votes. *Democratic Congressional Campaign Committee*, 831 F.2d at 1133. The Court, therefore, held that the dismissal was reviewable in the circumstances of that case. *Democratic Congressional Campaign Committee*, 831 F.2d at 1132. Because the reasons for the commissioners' votes were not contained in the record, the matter was remanded to the FEC for a statement of the reasons for the dismissal. *Democratic Congressional Campaign Committee*, 831 F.2d at 1135.

The Court of Appeals later reaffirmed its decision in *Democratic Congressional Campaign Committee*. See *Common Cause v. Federal Election Comm'n*, 842 F.2d 436 (D.C. Cir. 1988). In *Common Cause*, the court emphasized that a statement of reasons for a deadlock dismissal is necessary to allow meaningful judicial review of the decision not to proceed. *Common Cause*, 842 F.2d at 449.

We agree with the reasoning of the federal Court of Appeals that meaningful review of a deadlock vote may be accomplished by examining the reasons of the Board members voting to dismiss the complaint. We do not believe a remand to the Board for a statement of the reasons for dismissal is necessary in this case, however.

Under the Administrative Review Law, an "administrative decision" includes an order affecting the legal rights of the parties and terminating the proceedings. 735 ILCS 5/3–101 (West 2004). Further, this court has held that a decision by an administrative agency must contain findings to allow judicial review of the agency's decision. *Reinhardt v. Board of Education of Alton Community Unit School District No. 11*, 61 Ill. 2d 101, 103 (1975). The grounds for the agency's action must be " 'clearly disclosed and adequately sustained.' " *Reinhardt*, 61 Ill. 2d at 103, quoting *Securities & Exchange Comm'n v. Chenery Corp.*, 318 U.S. 80, 94, 87 L. Ed. 626, 636, 63 S. Ct. 454, 462 (1943).

Here, the final orders state that the Board adopted the recommendation of its general counsel. In its brief to this court, the Board asserts that "the orders are judicially reviewable and need not be remanded" to the Board because the reasons of the members

voting to dismiss the complaints are reflected in the general counsel's recommendation. The general counsel's recommendation contains a detailed explanation for finding the complaints were not filed on justifiable grounds. We believe the general counsel's recommendation sufficiently discloses the grounds for the decision by the members voting to dismiss the complaints. Thus, judicial review may be accomplished in this case by reviewing the reasons for dismissal as stated in the general counsel's recommendation.

Finally, we must define the standard for judicial review of the Board's dismissals. An electoral board is viewed as an administrative agency. *Cinkus v. Village of Stickney Municipal Officers Electoral Board*, 228 Ill. 2d 200, 209 (2008). In *Cinkus*, we discussed and reaffirmed three standards for reviewing administrative agency decisions. *Cinkus*, 228 Ill. 2d at 210-12, citing *City of Belvidere v. Illinois State Labor Relations Board*, 181 Ill. 2d 191 (1998). The standards are based upon the three types of questions encountered on review of an agency decision, including: (1) questions of fact; (2) questions of law; and (3) mixed questions of fact and law. *Cinkus*, 228 Ill. 2d at 210.

An administrative agency's findings on questions of fact will be reversed only if they are against the manifest weight of the evidence. *Cinkus*, 228 Ill. 2d at 210. An agency's decision on a question of law is reviewed *de novo*. *Cinkus*, 228 Ill. 2d at 211. An agency's application of a rule of law to established facts is a mixed question of fact and law that will not be reversed unless it is deemed "clearly erroneous." *Cinkus*, 228 Ill. 2d at 211. A decision is "clearly erroneous" only if the reviewing court is left with a " ' "definite and firm conviction that a mistake has been committed." ' " *Cinkus*, 228 Ill. 2d at 211, quoting *AFM Messenger Service, Inc. v. Department of Employment Security*, 198 Ill. 2d 380, 391-95 (2001), quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395, 92 L. Ed. 746, 766, 68 S. Ct. 525, 542 (1948).

The parties present diverse arguments on the appropriate standard of review. The Party argues that the dismissals should be reviewed *de novo* because the Board did not make a decision that may be granted deference. Conversely, the Board argues that the dismissals should be reviewed for abuse of discretion. According to the Board, the

"justifiable grounds" standard grants it discretion to dismiss complaints after preliminary investigations.

The question here involves application of the "justifiable grounds" standard to the facts elicited at the preliminary hearing. That is not a question of law subject to *de novo* review. Moreover, *de novo* review would interfere with the Board's function of determining whether the facts establish that the complaints were filed on justifiable grounds. See *Abrahamson v. Illinois Department of Professional Regulation*, 153 Ill. 2d 76, 88 (1992) (it is not a court's function on administrative review to reweigh evidence or make an independent determination of the facts). Accordingly, we reject the Party's argument that the dismissals are subject to *de novo* review.

We also disagree with the Board's contention that abuse of discretion is the proper standard of review. We do not believe application of the "justifiable grounds" standard involves an exercise of discretion by the Board. The Administrative Code provides that the question addressed at a closed preliminary hearing is "whether the complaint was filed on justifiable grounds, and having some basis in fact and law." 26 Ill. Adm. Code §125.252 (as amended at 14 Ill. Reg. 10832, eff. June 22, 1990). We agree that the statutory standard of "justifiable grounds" focuses on the complaint's factual and legal sufficiency. The essential inquiry is whether the complaint is factually and legally justified. A decision based on those factors does not require the exercise of discretion. Rather, the Board is only required to apply the Election Code provisions to the facts presented at the closed preliminary hearing to determine whether the complaint was filed on justifiable grounds.

In our view, this inquiry presents a mixed question of fact and law. As noted, an agency's decision on a mixed question of fact and law is reviewed for clear error. *Cinkus*, 228 Ill. 2d at 211. The standard of review is deferential, providing for reversal only when the reviewing court has a definite and firm conviction that a mistake has been made. *Cinkus*, 228 Ill. 2d at 211.

In sum, we conclude that the Code requires judicial review of all issues of law and fact presented by the record, including whether the complaints were filed on justifiable grounds. The dismissal of the complaints may be reviewed by considering whether the members voting to dismiss clearly erred in determining that they were not filed

on justifiable grounds. The reasons for dismissal adopted from the general counsel's recommendation may be reviewed for clear error. The Board's dismissals should not be overturned unless the court is left with a "definite and firm conviction that a mistake has been committed." *Cinkus*, 228 Ill. 2d at 211.

Given our construction of the Code providing for judicial review of deadlock dismissals, it is unnecessary to consider the parties' arguments challenging the Code's constitutionality or whether those arguments were procedurally defaulted. Additionally, while the parties argue whether the complaints were filed on justifiable grounds, we believe the appellate court should first review those issues. We therefore remand this matter to the appellate court to conduct the judicial review of the Board's decisions in accordance with this opinion.

### III. CONCLUSION

For the foregoing reasons, we conclude that the Code requires judicial review of whether the complaints were filed on justifiable grounds. Accordingly, the appellate court's judgment affirming the dismissals of the complaints is reversed, and the matter is remanded to the appellate court to conduct the judicial review of the dismissals consistent with this opinion.

*Reversed and remanded with directions.*

JUSTICES FREEMAN and BURKE took no part in the consideration or decision of this case.