ILLINOIS CAMPAIGN FOR POLITICAL REFORM, an Illinois Not-For-Profit Corporation, *et al.*, Petitioners-Appellants, v. ILLINOIS STATE BOARD OF ELECTIONS *et al.*, Respondents-Appellees.

First District (3rd Division)   No. 1—06—1694

Opinion filed March 4, 2009.

Margo L. Alpert, of Illinois Campaign for Political Reform, of Chicago, and Michael A. Kreloff, of Glenview (Michael A. Kreloff, of counsel), for petitioners.

Lisa Madigan, Attorney General (Gary Feinerman, Solicitor General, and Timothy K. McPike, Assistant Attorney General, of counsel), Andrew M. Raucci (Andrew M. Raucci, of counsel), and Michael J. Kasper (Michael J. Kasper, of counsel), all of Chicago, for respondents.

## SUPPLEMENTAL OPINION

JUSTICE QUINN delivered this supplemental opinion of the court:

This matter comes before this court on remand following our order directing the four members of the Illinois State Board of Elections (Board) who voted to dismiss the petitioners' complaint to provide a statement of findings. See *Illinois Campaign for Political Reform v. Illinois State Board of Elections*, 382 Ill. App. 3d 51 (2008). When this matter was first before this court, it involved a direct appeal, pursuant to section 9—22 of the Election Code (10 ILCS 5/9—22 (West 2004)),

from an order of the Board dismissing the complaint filed by the Illinois Campaign for Political Reform and Dr. Kent Redfield (petitioners), alleging violations of the campaign disclosure requirements of the Election Code (10 ILCS 5/9—1 *et seq.* (West 2004)), against respondents, Illinois Coalition for Jobs, Growth and Prosperity, and Gregory Baise (collectively, the Coalition). The Board's dismissal order was not based on the merits of the complaint, but on the Board's "deadlock" vote and consequent inability to achieve the statutorily mandated five-member vote to enable the Board to find the matter to have been filed on justifiable grounds and order a public hearing. See 10 ILCS 5/1A—7, 9—21 (West 2004).

When we first reviewed this case, we held, "Clearly, the Board acted in a manner consistent with section 9—21, as amended, when the Board dismissed petitioners' complaint based on the Board's failure to achieve the statutorily mandated five-member vote to proceed to a public hearing. 10 ILCS 5/9—21 (West 2004). The Board may only act in the manner prescribed by the Election Code. See 10 ILCS 5/1A—1 (West 2004) (the Board 'shall perform only such duties as *** prescribed by law'). In addition, this court must interpret the Election Code as written and we 'may not depart from the plain language of the statute by reading into it exceptions, limitations, or conditions that conflict with the express legislative intent.' *Rosewood Care Center, Inc. v. Caterpillar, Inc.*, 226 Ill. 2d 559, 567 (2007). Accordingly, we find that the Board complied with the Election Code's directive in this case." *Illinois Campaign for Political Reform*, 382 Ill. App. 3d at 60.

We next determined that the Board's deadlock vote did not violate petitioners' constitutional due process rights to meaningful judicial review and protection against arbitrary government actions. *Illinois Campaign for Political Reform*, 382 Ill. App. 3d at 60-62. We further held that the Board's deadlock vote, four votes in favor and four votes against a finding of "justifiable grounds" for holding a public hearing, was reviewable by this court. *Illinois Campaign for Political Reform*, 382 Ill. App. 3d at 61-62. Finally, we declined to address whether petitioners' complaint presented justifiable grounds. Rather, we remanded the matter to the Board for a statement of findings by the four members who had rejected the recommendation of the hearing examiner and the Board's general counsel and voted in favor of dismissing petitioners' complaint. *Illinois Campaign for Political Reform*, 382 Ill. App. 3d at 63-64. Specifically, we noted that " '[i]n a complaint that alleges four separate bases by which to find that an organization acted as a political committee, the Board must declare which evidence it accepts and which evidence it rejects when it

determines the entire complaint must be dismissed.' " *Illinois Campaign for Political Reform*, 382 Ill. App. 3d at 64.

Pursuant to our order, on remand, each of the four members of the Board who rejected the recommendations of the hearing examiner and the Board's general counsel filed an identically worded "Statement of Reasons." The Board then entered those statements in the Board's record in this matter and filed them with this court as a supplemental record. This court then accepted supplemental briefs from the petitioners, the Coalition, and the Board.

In addition to the above proceedings, our supreme court recently issued its opinion in *Cook County Republican Party v. Illinois State Board of Elections*, 232 Ill. 2d 231 (2009) (*CCRP II*). In *CCRP II*, our supreme court reviewed the appellate court's opinion in *Cook County Republican Party v. State Board of Elections*, 378 Ill. App. 3d 752 (2007) (*CCRP I*), which we mentioned in our initial opinion in this matter. See *Illinois Campaign For Political Reform*, 382 Ill. App. 3d at 65.

In *CCRP II*, our supreme court held, "a plain reading of sections 9—21 and 9—22 compels us to conclude that the tie-vote dismissals of these complaints are subject to judicial review in the appellate court under the provisions of the Administrative Review Law." *CCRP II*, 232 Ill. 2d at 240. The court then determined that "[t]he scope of review under the Administrative Review Law extends to 'all questions of law and fact presented by the entire record before the court.' 735 ILCS 5/3—110 (West 2004). We must, therefore, conclude that the legislature intended the tie-vote dismissals to be subject to judicial review of whether the complaints were filed on justifiable grounds." *CCRP II*, 232 Ill. 2d at 241.

Our supreme court next held that the absence of specific factual findings adopted by the majority of the Board did not prevent or impede review. In so doing, our supreme court cited *Democratic Congressional Campaign Committee v. Federal Election Comm'n*, 831 F.2d 1131 (D.C. Cir. 1987) (which this court relied upon in our initial opinion (*Illinois Campaign for Political Reform*, 382 Ill. App. 3d at 62)), in holding that "meaningful review of a deadlock vote may be accomplished by examining the reasons of the Board members voting to dismiss the complaint." *CCRP II*, 232 Ill. 2d at 242. Our supreme court held, in *CCRP II*, that there was no need to remand the matter to the Board for a statement of the reasons for dismissal. The court's determination was based on the fact that the Board in that case had adopted the recommendation of its general counsel, which contained a "detailed explanation for finding the complaints were not filed on justifiable grounds." *CCRP II*, 232 Ill. 2d at 243. The court concluded

that the general counsel's recommendation, therefore, sufficiently disclosed the grounds for the decision by the members of the Board voting to dismiss the complaints. *CCRP II*, 232 Ill. 2d at 243.

Finally, our supreme court, in *CCRP II*, defined the standard for judicial review of the Board's dismissals. The court stated, "In our view, this inquiry presents a mixed question of fact and law. As noted, an agency's decision on a mixed question of fact and law is reviewed for clear error. *Cinkus [v. Village of Stickney Municipal Officers Electoral Board*, 228 Ill. 2d 200, 211 (2008)]. The standard of review is deferential, providing for reversal only when the reviewing court has a definite and firm conviction that a mistake has been made. *Cinkus*, 228 Ill. 2d at 211." *CCRP II*, 232 Ill. 2d at 245. Our supreme court concluded, "The dismissal of the complaints may be reviewed by considering whether the members voting to dismiss clearly erred in determining that they were not filed on justifiable grounds." *CCRP II*, 232 Ill. 2d at 245.

We now apply the holding in *CCRP II*, in reviewing the "Statement of Reasons" submitted by the four Board members who had rejected the recommendations of the hearing examiner and the Board's general counsel and voted in favor of dismissing petitioners' complaint.

Initially, we note that petitioners argue that the statements submitted do not comport with our remand in that they rely on findings of credibility. However, in remanding this case, this court previously held that " '[i]n a complaint that alleges four separate bases by which to find that an organization acted as a political committee, the Board must declare which evidence it accepts and which evidence it rejects when it determines the entire complaint must be dismissed.' " *Illinois Campaign for Political Reform*, 382 Ill. App. 3d at 64. Accordingly, the statements submitted by the members of the Board do comport with our order in this respect.

Petitioners also argue that the fact that the statements are identical makes them suspect. In their statements, the Board members set out reasons for concluding that the evidence was insufficient to show that each of the four allegations was filed on justifiable grounds. First, petitioners alleged that the Coalition was a political committee, as defined by sections 9—1.8(a), (c), and (d) of the Election Code (10 ILCS 5/9—1.8(a), (c), (d) (West 2004)). The Board members noted that petitioners' evidence was based on "statements made by the Coalition in press releases and on its web site, one candidate's report of an in-kind contribution from the Coalition, and the possibility that certain discussions occurred before the [Coalition] PAC registered." The Board members explained that the evidence presented by the Coalition in the preliminary hearing to refute petitioners' allegation consisted of

cancelled checks, testimony, and a subsequent amended report filed by one candidate, showing that the expenditures were paid by the Coalition PAC, not the Coalition. The Coalition also argued that petitioners' evidence was explained by the fact that the Coalition PAC's name was required by law to include the name of the Coalition, causing people to misidentify the true entity, the PAC, that made the expenditures. In their statements, the Board members concluded that this allegation was not filed on justifiable grounds because the Coalition's evidence showed that the PAC made the expenditures and the other evidence was explained by the similarity of the Coalition and Coalition PAC names.

The second allegation in petitioners' complaint was that the Coalition acted as a "conduit" for the transfer of funds from persons who contributed to the Coalition to candidates who received donations from the Coalition PAC. The Board members stated that petitioners' evidence included the evidence submitted in support of their first allegation and a statement of a Coalition official as paraphrased in a television news report to the effect that some of the Coalition's contributions may not have been intended to be donated to judicial campaigns. The Board members noted that the hearing examiner characterized the evidence by stating, "Nothing in the facts shows that [the Coalition] did or they didn't [accept contributions designated for specific candidates.] There are allegations that they did." The Board members rejected the hearing examiner's recommendation which was based on an inference that depended on "the *precise* wording of a statement that was both paraphrased and hearsay." (Emphasis in original.) In addition, the Board members concluded that, as the hearing examiner stated, there were only allegations, not any evidence, that the Coalition had accepted any contributions on behalf of a specific candidate.

The petitioners' third allegation was that the Coalition attempted to circumvent the Election Code (10 ILCS 5/9—26 (West 2004)) by subterfuge, in violation of section 100.90(b) of the Illinois Administrative Code (26 Ill. Adm. Code §100.90(b), amended at 24 Ill. Reg. 14214 (eff. September 11, 2000)). Petitioners specifically alleged that the Coalition failed to register as a political committee and did not disclose the names of its contributors. The hearing examiner recommended a public hearing based on the evidence submitted with respect to the first allegation. In their statements, for the same reasons with regard to the first allegation, the Board members concluded that the evidence was insufficient to show that this allegation was filed on justifiable grounds.

The petitioners' final allegation was that the Coalition was

obligated to file contribution and expenditure reports with the Board as required by sections 9—10(a), (b), and (c) of the Election Code (10 ILCS 5/9—10(a), (b), (c) (West 2004)). The hearing examiner recommended that this allegation proceed to a public hearing based on his recommendations that the prior three allegations were filed on justifiable grounds. However, in their statements, the Board members concluded that for the same reasons with regard to the first three allegations, the evidence was insufficient to show that this allegation was filed on justifiable grounds.

Based on these statements, we cannot say that the four members of the Board who voted in favor of dismissing petitioners' complaint clearly erred in determining that the complaint was not filed on justifiable grounds. *CCRP II*, 232 Ill. 2d at 245.

Finally, while we held in our initial opinion that the Board's deadlock vote was not constitutionally unsound (*Illinois Campaign for Political Reform*, 382 Ill. App. 3d at 60-62), our supreme court refused to reach this issue in *CCRP II*. *CCRP II*, 232 Ill. 2d at 245-46. Our supreme court explained that given its construction of the Election Code providing for judicial review of deadlock dismissals and its remand to the appellate court to review whether the complaints were filed on justifiable grounds, "it is unnecessary to consider the parties' arguments challenging the [Election] Code's constitutionality." *CCRP II*, 232 Ill. 2d at 245. Following that reasoning, this court was in error in reaching the constitutional issue prior to receiving the statement of findings after the remand.

Under the facts as proffered and current status of this case, we now reach the merits of petitioners' constitutional argument and conclude that the Board's deadlock vote did not violate petitioners' constitutional due process rights to meaningful judicial review and protection against arbitrary government actions.

Under section 9—21 as amended, a complaint must be dismissed if the Board fails to find that it was filed on justifiable grounds. 10 ILCS 5/9—21 (West 2004). In this case, the Board failed to determine that the complaint was filed on justifiable grounds when it voted four-to-four on that question. The Board, therefore, complied with the clear directive of section 9—21 by dismissing petitioners' complaint after failing to determine that it was filed on justifiable grounds. See *CCRP II*, 232 Ill. 2d at 240.

Section 9—22 of the Election Code expressly provides:

> "Any party to a Board hearing, any person who files a complaint on which a hearing was denied or not acted upon within the time specified in Section 9—21 of this Act, and any party adversely affected by a judgment of the Board may obtain judicial review, which

shall be governed by the provisions of the Administrative Review Law ***." 10 ILCS 5/9—22 (West 2004).

As previously noted, in *CCRP II*, 232 Ill. 2d at 240, our supreme court held that a plain reading of sections 9—21 and 9—22 provides that the tie-vote dismissal of a complaint is subject to judicial review in the appellate court under the provisions of the Administrative Review Law. In addition, our supreme court concluded that the Election Code requires "judicial review of all issues of law and fact presented by the record, including whether the complaints were filed on justifiable grounds." *CCRP II*, 232 Ill. 2d at 245. Our supreme court explained that where the Board adopted the reasons for dismissal from the general counsel's detailed recommendation, those reasons for dismissal may be reviewed for clear error. *CCRP II*, 232 Ill. 2d at 245. Accordingly, we find petitioners' contention that the Board's deadlock vote violated their rights to meaningful judicial review to be without merit.

In addition, we reject petitioners' argument that the Board's dismissal based on its deadlock vote is arbitrary and capricious. As we explained in our initial opinion, pursuant to section 1A—7 of the Election Code (10 ILCS 5/1A—7 (West 2004)), the Board is entitled to deadlock on issues where it cannot obtain the five votes necessary to take any action. *Illinois Campaign for Political Reform*, 382 Ill. App. 3d at 62. Nothing in the Election Code requires the Board's deadlock to be broken in favor of proceeding on the complaint. In fact, in *Walker v. State Board of Elections*, 65 Ill. 2d 543 (1976), our supreme court found unconstitutional a previous legislative attempt to break a Board deadlock. In *Walker*, the tie-breaker provisions of the Election Code provided that, in the event of a tie vote of the Board with respect to a proposed Board action, one Board member's name would be drawn randomly and that Board member would be disqualified from voting on the proposed action. *Walker*, 65 Ill. 2d at 562-63. Our supreme court held that the tie-breaker provision, which resulted in the removal of a Board member for purposes of any deadlock vote, violated the mandate of article III, section 5, of the Illinois Constitution, which provides that no political party have a majority on the Board. *Walker*, 65 Ill. 2d at 565. Our supreme court determined that such intervention in a Board deadlock was not intended by the drafters of our state constitution or contemplated in the Election Code. We therefore find petitioners' argument that the Board's dismissal is arbitrary where it is based on the Board's deadlock vote to be without merit.

For the foregoing reasons, we conclude that the members of the Board voting to dismiss petitioners' complaint did not clearly err in determining that the complaint was not filed on justifiable grounds. We also reject petitioners' constitutional arguments that the Board's

deadlock vote violated petitioners' rights to meaningful judicial review and protection against arbitrary government actions. We, therefore, affirm the Board's dismissal of petitioners' complaint.

Affirmed.

MURPHY, P.J., and THEIS, J., concur.