SIXTH DIVISION
December 18, 2009

Nos.   1-05-3407, 1-05-3408, 1-05-3409, 1-05-3410, 1-05-3411, 1-05-3412, 1-05-3413,
1-05-3414, 1-05-3415 and 1-05-3416, Consolidated

| | | |
|---|---|---|
| COOK COUNTY REPUBLICAN PARTY, by Gary J. Skoien, Chairman, | ) ) ) | Petition for Review from the Illinois State Board of Elections |
| Petitioner-Appellant, | ) ) | |
| v. | ) ) ) | No. 05 CD 44 |
| THE STATE BOARD OF ELECTIONS and 4th WARD DEMOCRATIC ORGANIZATION, | ) ) ) | |
| Respondents-Appellees. | ) | |

| | | |
|---|---|---|
| COOK COUNTY REPUBLICAN PARTY, by Gary J. Skoien, Chairman, | ) ) ) | Petition for Review from the Illinois State Board of Elections |
| Petitioner-Appellant, | ) ) | |
| v. | ) ) ) | No. 05 CD 45 |
| THE STATE BOARD OF ELECTIONS; 5TH WARD REGULAR DEMOCRATIC ORGANIZATION; and LESLIE A. HAIRSTON, Chairman and Committeeman, | ) ) ) ) | |
| Respondents-Appellees. | ) | |

| | | |
|---|---|---|
| COOK COUNTY REPUBLICAN PARTY, by Gary J. Skoien, Chairman, | ) ) ) | Petition for Review from the Illinois State Board of Elections |
| Petitioner-Appellant, | ) ) | |
| v. | ) ) | |
| | ) | No. 05 CD 46 |
| THE STATE BOARD OF ELECTIONS and 7TH WARD DEMOCRATIC ORGANIZATION, | ) ) ) | |
| Respondents-Appellees. | ) ) | |

| | | |
|---|---|---|
| COOK COUNTY REPUBLICAN PARTY, by Gary J. Skoien, Chairman, | ) ) ) | Petition for Review from the Illinois State Board of Elections |
| Petitioner-Appellant, | ) ) | |
| v. | ) ) | |
| | ) | No. 05 CD 47 |
| THE STATE BOARD OF ELECTIONS and ANTHONY BEALE, 9th Ward Democratic Committeeman, | ) ) ) | |
| Respondents-Appellees. | ) ) | |

| | | |
|---|---|---|
| COOK COUNTY REPUBLICAN PARTY, by Gary J. Skoien, Chairman, | ) ) ) | Petition for Review from the Illinois State Board of Elections |
| Petitioner-Appellant, | ) ) | |
| v. | ) ) | |
| | ) | No. 05 CD 50 |
| THE STATE BOARD OF ELECTIONS and THEODORE THOMAS, 15th Ward Democratic Committeeman, | ) ) ) | |
| Respondents-Appellees. | ) ) | |

| | | |
|---|---|---|
| COOK COUNTY REPUBLICAN PARTY, by Gary J. Skoien, Chairman, | ) ) ) | Petition for Review from the Illinois State Board of Elections |
| Petitioner-Appellant, | ) ) | |
| v. | ) ) ) | No. 05 CD 55 |
| THE STATE BOARD OF ELECTIONS and ED H. SMITH, 28th Ward Democratic Committeeman, | ) ) ) | |
| Respondents-Appellees. | ) ) | |

| | | |
|---|---|---|
| COOK COUNTY REPUBLICAN PARTY, by Gary J. Skoien, Chairman, | ) ) ) | Petition for Review from the Illinois State Board of Elections |
| Petitioner-Appellant, | ) ) | |
| v. | ) ) ) | No. 05 CD 56 |
| THE STATE BOARD OF ELECTIONS; 31ST WARD DEMOCRATIC CAMPAIGN FUND; and JOSEPH BERRIOS, Chairman and Committeeman, | ) ) ) ) | |
| Respondents-Appellees. | ) ) | |

| | | |
|---|---|---|
| COOK COUNTY REPUBLICAN PARTY, by Gary J. Skoien, Chairman, | ) ) ) | Petition for Review from the Illinois State Board of Elections |
| Petitioner-Appellant, | ) ) | |
| v. | ) ) ) | No. 05 CD 57 |
| THE STATE BOARD OF ELECTIONS; 39TH WARD REGULAR DEMOCRATIC ORGANIZATION; JAMES D'AMICO, Chairman; and RANDY BARNETTE, Committeeman, | ) ) ) ) ) | |
| Respondents-Appellees. | ) ) | |

COOK COUNTY REPUBLICAN PARTY, by Gary J.    )     Petition for Review from
Skoien, Chairman,    )     the Illinois State Board
   )     of Elections
         Petitioner-Appellant,    )
   )
             v.    )
   )     No. 05 CD 58
THE STATE BOARD OF ELECTIONS; 40TH WARD    )
REGULAR DEMOCRATIC ORGANIZATION and    )
PATRICK J. O'CONNOR, Chairman and Committeeman,    )
   )
         Respondents-Appellees.    )

---

COOK COUNTY REPUBLICAN PARTY, by Gary J.    )     Petition for Review from
Skoien, Chairman,    )     the Illinois State Board
   )     of Elections
         Petitioner-Appellant,    )
   )
             v.    )
   )     No. 05 CD 59
THE STATE BOARD OF ELECTIONS; DEMOCRATIC    )
PARTY OF THE 49TH WARD; and DAVID FAGUS,    )
Chairman and Committeeman,    )
   )
         Respondents-Appellees.    )

PRESIDING JUSTICE CAHILL delivered the opinion of the court:

This appeal is before us again to consider whether the Illinois State Board of Elections (Board) erred by dismissing, under section 9-21 of the Illinois Election Code (10 ILCS 5/9-21 (West 2004)), eight complaints filed by the Cook County Republican Party (Party) against the Chicago Democratic ward organizations, ward chairmen and ward committeemen named in this appeal (collectively, respondents). See Cook County Republican Party v. State Board of Elections, 378 Ill. App. 3d 752, 764, 882 N.E.2d 93 (2007) (Cook County I). Our holding in

4

1-05-3407, *et al.*, Cons.

Cook County I was reversed by our supreme court, and the case was remanded to us with clear instructions of the standard and the scope of review to be employed. See Cook County Republican Party v. Illinois State Board of Elections, 232 Ill. 2d 231, 234, 902 N.E.2d 652 (2009) (Cook County II)). Finding no clear error by the Board under these instructions, we affirm.

The Party filed 10 complaints with the Board, one against each respondent. All 10 complaints alleged violations of sections 9-10(a) and 9-25.1(b) of the Election Code (10 ILCS 5/9-10(a), 9-25.1(b) (West 2004)), which prohibit the appropriation of public funds for political or campaign purposes and require every local political committee to file reports of campaign contributions, including in-kind contributions. Three of the complaints also alleged violations under section 9-3 of the Election Code (10 ILCS 5/9-3 (West 2004)) for failure to file a statement of organization as a political committee.

A simultaneous, closed preliminary hearing was held on all 10 complaints. See 10 ILCS 5/9-21 (West 2004) (once a complaint is filed under the Election Code, the Board must "hold a closed preliminary hearing to determine whether or not the complaint appears to have been filed on justifiable grounds"). The hearing officer who presided over the closed preliminary hearing concluded all but one of the complaints were filed on justifiable grounds and recommended that those complaints proceed to a public hearing. See Illinois Republican Party v. Illinois State Board of Elections, 188 Ill. 2d 70, 74, 720 N.E.2d 231 (1999) (a complaint not filed on justifiable grounds must be dismissed, while a complaint filed on justifiable grounds will proceed to a public hearing).

The Board, which consists of eight members, four from each political party, met to hear

from its general counsel and to rule on the complaints. See 10 ILCS 5/1A-2 (West 2004) (creating a Board of eight members, four from each political party); see also Ill. Const. 1970, art. III, §5 ("[n]o political party shall have a majority of members of the Board"). The Board's general counsel disagreed with the hearing officer's recommendation to advance 9 of the 10 complaints, saying the evidence presented at the closed preliminary hearing was insufficient to support the Party's allegations. See 26 Ill. Adm. Code §125.253, amended at 14 Ill. Reg. 10832 (eff. June 22, 1990) (defining general counsel's role). The general counsel recommended that all 10 complaints be dismissed without a public hearing. In a five to three vote, the Board dismissed the complaints filed against Leslie A. Hairston, 5th Ward Regular Democratic Organization chairman and committeeman, and Ed H. Smith, 28th Ward Democratic committeeman. The Board reached a tie vote on the remaining eight complaints. The Board dismissed those complaints under section 9-21 of the Election Code, which directs the Board to dismiss a complaint where it cannot reach a majority vote on whether justifiable grounds exist. 10 ILCS 5/9-21 (West 2004); see also 10 ILCS 5/1A-7 (West 2004) ("[five] votes are necessary for any action of the Board to become effective").

The Party appealed the Board's rulings to this court in Cook County I. We affirmed the dismissal of the Hairston and Smith complaints, finding no clear error. Cook County I, 378 Ill. App. 3d at 757-59. With respect to the remaining eight complaints that were dismissed because the Board could not reach a majority vote, we held our review was limited to whether the Board complied with section 9-21 of the Code. Cook County I, 378 Ill. App. 3d at 763. Our rationale was based, in part, on the Board's failure to provide us with findings of fact and conclusions of law to review. Cook County I, 378 Ill. App. 3d at 761. Finding the Board in compliance, we affirmed

1-05-3407, *et al.*, Cons.

the dismissal of those complaints as well. Cook County I, 378 Ill. App. 3d at 764.

The supreme court allowed the Party's petition for leave to appeal. The court rejected our view of tie vote dismissals: that our review is limited to whether the Board complied with section 9-21 of the Code. Cook County II, 232 Ill. 2d at 241. The court reversed and remanded for a determination of whether those eight complaints were filed on justifiable grounds. Cook County II, 232 Ill. 2d at 241. In doing so, the court defined the standard and the scope of our review. Cook County II, 232 Ill. 2d at 241-45.

The court first looked to the question presented on appeal, as that dictates the standard we apply. Cook County II, 232 Ill. 2d at 243. The court held that "[t]he question here involves application of the 'justifiable grounds' standard to the facts elicited at the preliminary hearing." Cook County II, 232 Ill. 2d at 244. Whether the complaints were filed on justifiable grounds is a mixed question of law and fact and is reviewed under the clearly erroneous standard. Cook County II, 232 Ill. 2d at 234-44. "A decision is 'clearly erroneous' only if the reviewing court is left with a ' " 'definite and firm conviction that a mistake has been committed.' " ' " Cook County II, 232 Ill. 2d at 244, quoting Cinkus v. Village of Stickney Municipal Officers Electoral Board, 228 Ill. 2d 200, 209, 886 N.E.2d 1011 (2008), quoting AFM Messenger Service, Inc. v. Department of Employment Security, 198 Ill. 2d 380, 393, 763 N.E.2d 272 (2001), quoting United States v. United States Gypsum Co., 333 U.S. 364, 395, 92 L. Ed. 746, 766, 68 S. Ct. 525, 542 (1948).

With respect to the scope of our review, the court held "that meaningful review of a deadlock vote may be accomplished by examining the reasons of the Board members voting to dismiss the complaint." Cook County II, 232 Ill. 2d at 242. The record shows that those Board

7

1-05-3407, *et al.*, Cons.

members voting to dismiss the complaints did so in reliance on the recommendation of the Board's general counsel. "Thus, judicial review may be accomplished in this case by reviewing the reasons for dismissal as stated in the general counsel's recommendation." Cook County II, 232 Ill. 2d at 243.

The Board's general counsel first reviewed the evidence presented by the Party at the closed preliminary hearing. That evidence included financial records from the City showing that respondents' offices were paid for, at least in part, with public funds intended to maintain non-political aldermanic offices in each ward. The Party also presented respondents' financial statements to show that they had not reported the City's contribution. The Party's executive director, Thomas Swiss, testified he visited 8 of the 10 offices on August 10, 2005. Swiss walked into each office and asked whoever was inside whether political activity was being conducted on the premises. He received an affirmative response in most instances and then left the office. Swiss did not himself observe political activities during his visits. Visits to the other two offices took place on August 22, 2005, with similar results. Photographs were presented to show that signage on the storefront of each office suggested that the office was used for political purposes in addition to providing aldermanic services. The Party also presented evidence that the websites for both the Cook County Democratic Party and the City listed respondents' offices as housing both the committeeman and the alderman.

The Board's general counsel concluded that this evidence was insufficient to support the Party's allegations of Election Code violations. The general counsel explained:

> "[L]ooking through all the evidence submitted, I don't see in here where

8

they have alleged the specific facts that indicate that political activity, at least to the extent that has been suggested by the complainant's counsel, took place in these offices.

I mean, everything that I've read and the testimony that I read--certainly not in the complaint itself. The only evidence that I found in the complaint itself was a sign outside the door and a brief conversation with a volunteer or receptionist, that I thought the question was rather vague anyway--

\*\*\*

I don't think the facts as alleged were specific enough to warrant a declaration that this was filed on justifiable grounds. \*\*\*

\* \* \*

I'm not sure that a ten-minute visit in August would be enough to establish what they're alleging. I note that the affidavit stated clearly that no political activity was observed. There was no literature, no--really there wasn't really anything there substantively that caused me to believe, oh, yes, without a doubt, this is a functioning political ward office that is not declaring the receipt of in-kind contributions.

There had been a couple cases where I think it was close with the testimony of the witnesses saying that a nominal level of activity, a meeting right before the election with precinct captains or a drop-off point for literature; but, even if that were true, that's still--breaking that down, would that be an in-kind contribution in

1-05-3407, *et al.*, Cons.

excess of $150 that would have to be reported?"

Having reviewed the general counsel's recommendation and the evidence presented by the Party, we are not left with "a definite and firm conviction that a mistake has been made." See <u>Cook County II</u>, 232 Ill. 2d at 244. We affirm the dismissal of the remaining eight complaints on this ground.

Affirmed.

McBRIDE and R.E. GORDON, JJ., concur.