MARK THOMPSON, Petitioner-Appellant, v. ELIZABETH GORMAN *et al.*, Respondents-Appellees.

First District (4th Division)   No. 1—10—0885

Opinion filed November 18, 2010.

Richard K. Means, of Oak Park, for petitioner.

Odelson & Sterk, Ltd., of Evergreen Park (Burton S. Odelson, of counsel), for respondents.

PRESIDING JUSTICE GALLAGHER delivered the opinion of the court:

Petitioner Mark Thompson appeals from an order of the Illinois State Board of Elections (Board) dismissing his complaint against respondents Elizabeth Gorman and The Gorman Good Government Group (Group). On appeal, petitioner contends that this court should

reverse the Board's dismissal of his petition and remand for further proceedings because he demonstrated justifiable grounds for further proceedings before the Board. We remand with directions.

## BACKGROUND

On January 11, 2010, petitioner filed a complaint with the Board in which he alleged, *inter alia*, that respondents violated section 9—11 of the Election Code (Code) (10 ILCS 5/9—11 (West 2002)) by falsely reporting the identity of the parties that loaned the Group $390,000 in 2002 and reporting a false recipient for an expenditure of $100,080 that was made by the Group on June 28, 2002. Petitioner also alleged that respondents violated section 9—25 of the Code (10 ILCS 5/9—25 (West 2002)) by receiving contributions made in the name of another person, in that $390,000 in loans were received by the Group in 2002 from "Dodge of Midlothian" and "Sales, Inc.," businesses owned by Gerald and Elizabeth Gorman, and its reports were then amended in 2004 to reflect that Gerald Gorman made those loans. Petitioner further alleged that respondents violated section 9—8.10(a)(4) of the Code (10 ILCS 5/9—8.10(a)(4) (West 2006)) by making expenditures for reimbursement of mortgage payments on a personal residence.

A closed preliminary hearing was conducted on February 3, 2010, by a hearing examiner for the Board, and on February 7, 2010, the hearing examiner filed a written report in which he summarized the proceedings and made conclusions and recommendations. The examiner's report reflects that petitioner presented two summaries of the semiannual reports filed by the Group with the Board for the period of January 1 through June 30, 2002, that were apparently printed out from the Board's Web site. The first summary was allegedly printed out on July 31, 2002, and the second was allegedly printed out on March 4, 2004. Petitioner also presented the semiannual report summaries for the periods of January 1 through June 30, 2005, and January 1, 2006, through June 30, 2009. Each of the summaries contained receipts, expenditures, debts, obligations, and a funds balance of the Group for that reporting period. In addition, petitioner presented the dockets of complaints for mortgage foreclosure by First Suburban National Bank (FSNB) against various parties, including Elizabeth Gorman and her husband Gerald.

Petitioner asserted that the evidence showed that the Group originally reported that Dodge of Midlothian and Sales, Inc., made five loans totaling $375,000 to the Group in 2002, but later amended the report to reflect that the loans were made by Gerald Gorman, and that the Group originally reported that it made a payment of $100,080 to Sales, Inc., in 2002, but later amended the report to reflect that the

payment was made to Gerald Gorman. Petitioner argued that the evidence thus showed that the 2002 payment was made to Gerald Gorman and that the Group falsely reported that it was made to Sales, Inc. Petitioner also asserted that the evidence showed that the Group made numerous expenditures to Gerald Gorman from March 2006 through March 2009 as repayment for loans that he never actually made to the Group and that three payments made to Gerald Gorman in 2007 for the stated purpose of "Partial Repayment of Loan for FSNB" were used to reimburse mortgage payments on property owned by Gerald and Elizabeth Gorman in relation to mortgage foreclosure proceedings filed against them by FSNB.

Peg Walsh, a representative of the Group, testified for respondents that it was her understanding that the Group initially reported that the loans at issue were made by Dodge of Midlothian and Sales, Inc., because the Group's accountants advised that it do so and that Gerald Gorman was advised to amend the reports because it would have been more proper to show that the loans were coming from him, since he was the owner of those two companies and they were being used as collateral on the loan. Brent Woods, a former treasurer of the Group, amended the reports to show that the $100,080 payment was made to Gerald Gorman, and not Sales, Inc., according to the instructions he had received from the Board. In addition, Gerald Gorman had a personal account at FSNB, and that bank was referenced by the Group in the purpose statements of three 2007 expenditures for loan repayments in its semiannual report to the Board to indicate into which bank those payments had been deposited.

Elizabeth Gorman testified that Gerald Gorman owned at least 90% of both Dodge of Midlothian and Sales, Inc., and that the reports were changed to reflect more accurately that the loans were made by Gerald. Elizabeth further testified that Woods had many conversations with the Board on how to amend correctly the reports to reflect that the $100,080 payment was made to Gerald and that the reports accurately reflected that all loan payments were made to Gerald because he was the person responsible for making all the loans at issue, regardless of who was originally listed.

The hearing examiner recommended that petitioner's complaint be found not to have been filed upon justifiable grounds and that the matter not proceed to a public hearing. In doing so, the examiner concluded that regardless of whether Gerald Gorman provided the Group the loans at issue as an individual or as the owner of a business, he could have been listed as the person providing the loans because he was personally responsible for them. The examiner also concluded that any shortcomings in the report regarding the $100,080

payment to Sales, Inc., were corrected when the reports were amended. In addition, the examiner concluded that petitioner did not provide any evidence to establish that the three payments made to Gerald Gorman in 2007 for the stated purpose of "Partial Repayment of Loan for FSNB" were anything other than properly made partial loan repayments. On March 8, 2010, the Board issued a written order dismissing petitioner's complaint, finding that it was not filed on justifiable grounds.

## ANALYSIS

Petitioner contends on appeal that the Board erred in dismissing his complaint because he demonstrated justifiable grounds for further proceedings. Any person may file a verified complaint with the Board alleging a campaign finance violation under the Code. 10 ILCS 5/9—20 (West 2008). Upon receipt of the complaint, the Board is required to hold a closed preliminary hearing to determine whether the complaint appears to have been filed on justifiable grounds, and the Board shall dismiss the complaint without further hearing if it fails to determine that it had been so filed. 10 ILCS 5/9—21 (West 2008). Any party adversely affected by a judgment of the Board may obtain judicial review directly in the appellate court for the district in which the cause of action arose, and that review shall be governed by the provisions of the Administrative Review Law (735 ILCS 5/3—101 *et seq.* (West 2008)) and its accompanying rules. 10 ILCS 5/9—22 (West 2008).

A decision of an administrative agency must contain findings so as to make judicial review of that decision possible. *Cook County Republican Party v. Illinois State Board of Elections*, 232 Ill. 2d 231, 242 (2009). " '[T]he orderly functioning of the process of review requires that the grounds upon which the administrative agency acted be clearly disclosed and adequately sustained.' " *Reinhardt v. Board of Education of Alton Community Unit School District No. 11*, 61 Ill. 2d 101, 103 (1975), quoting *Securities & Exchange Comm'n v. Chenery Corp.*, 318 U.S. 80, 94, 87 L. Ed. 626, 636, 63 S. Ct. 454, 462 (1943).

In its final order dismissing petitioner's complaint, the Board stated that "having read the report of the Hearing Officer and reading the recommendation of the General Counsel[1] and now being fully advised in the premises," it had reached two findings. First, the Board found that petitioner had withdrawn count III of the complaint, in

---

[1]We note that although the recommendation of the Board's general counsel is contained in the appendix to respondents' brief, that document has not been included in the record on appeal. We are therefore precluded from considering the general counsel's recommendation on review. *Harris v. Old Kent Bank*, 315 Ill. App. 3d 894, 898-99 (2000).

which he had alleged that respondents violated section 9—8.10(a)(1) of the Code (10 ILCS 5/9—8.10(a)(1) (West 2002)) by making a campaign expenditure of $100,080 to Gerald Gorman on June 28, 2002, to defraud secured creditors of a business owned by Gerald and Elizabeth Gorman. Second, the Board found that "[a]s to the remaining counts, the complaint was not filed on justifiable grounds." The record thus shows that the Board did not enter any findings from the evidence to support its conclusion that petitioner's complaint was not filed on justifiable grounds, and we therefore remand the matter to the Board for a statement of reasons as to why it reached that conclusion. *Illinois Campaign for Political Reform v. Illinois State Board of Elections*, 382 Ill. App. 3d 51, 63 (2008).

In reaching this conclusion, we have considered *Cook County Republican Party*, 232 Ill. 2d 231, and find it distinguishable from this case. In *Cook County Republican Party*, 232 Ill. 2d at 241-43, our supreme court held that the absence of specific factual findings by the Board did not prevent judicial review because the Board's decision was based on the general counsel's recommendation, which explained why the complaints at issue were not filed on justifiable grounds. In this case, however, the Board has provided no explanation of its decision and, as we have stated, the general counsel's recommendation is not on the record properly before us.

Accordingly, we retain jurisdiction over the cause and remand to the Board for a statement of findings regarding the reasons it determined that petitioner's complaint was not filed on justifiable grounds.

Remanded with directions.

HOFFMAN and LAVIN, JJ., concur.