FOURTH DIVISION

No. 1-09-2042

| | | |
|---|---|---|
| DOMINGO MATOS, | ) | Appeal from the |
|       Plaintiff-Appellant, | ) | Circuit Court of |
| | ) | Cook County |
|     v. | ) | |
| | ) | No. 08 CH 35479 |
| THE COOK COUNTY SHERIFF'S MERIT BOARD; | ) | |
| JAMES P. NALLY, Chairman of the Merit Board in his | ) | |
| Official Capacity, and THOMAS DART, Sheriff Of Cook | ) | Honorable |
| County, | ) | Mary Anne Mason, |
|       Defendants-Appellees. | ) | Judge Presiding. |

JUSTICE GALLAGHER delivered the opinion of the court:

Plaintiff Domingo Matos appeals from an order of the circuit court of Cook County

affirming the ruling of the Cook County Sheriff's Merit Board (Board) upholding his discharge

from his position as a correctional officer for the Cook County Department of Corrections

(DOC). On appeal, plaintiff contends that the Board violated his due process rights to a fair

hearing by barring him from introducing medical evidence in support of his defense; the Board's

decision is against the manifest weight of the evidence; and the sanction of discharge from his

employment was excessive, unduly harsh, and unrelated to the needs of service.

BACKGROUND

On January 31, 2007, Cook County Sheriff Thomas J. Dart (the Sheriff) filed a complaint

with the Board alleging that about 11:30 a.m. on August 15, 2006, plaintiff violated the rules and

regulations of the DOC and the Board by making physical contact of an insulting or provoking

nature with Catherine Esquivel, a correctional rehabilitation worker. The Sheriff alleged that

plaintiff rubbed Esquivel's arm and patted her on her buttocks, and he requested the Board hold a hearing on the charges set forth in the complaint, make a finding of guilty, and remove plaintiff from the DOC.

On May 21, 2008, Board Commissioner Daniel Lynch conducted a hearing at which plaintiff, his counsel, and counsel for the Sheriff were present. The Sheriff called Jorge Martinez, a correctional rehabilitation worker with the DOC, who testified that on August 15, 2006, he was training Esquivel, and that about 7:30 a.m. plaintiff entered his office and asked Esquivel personal questions, such as whether she was married and if they could go out for lunch. About 11:30 a.m., Martinez and Esquivel encountered plaintiff while they were walking to an elevator. Plaintiff shook hands with Esquivel, and then did so a second time until she said "hey, it's – it's enough." Plaintiff talked with Esquivel and rubbed her upper arm with the back of his hand, and she said "please don't touch me." The elevator arrived, and plaintiff touched Esquivel's buttock twice as she walked into the elevator. Esquivel exited the elevator and screamed "don't touch me" at plaintiff.

Martinez further testified that he and Esquivel went to the security office and submitted a report to Lieutenant Dominguez, then went to the Internal Affairs Department (IAD) and filled out a report. When they returned from reporting the incident, they encountered plaintiff and he attempted to apologize. On cross-examination, Martinez stated that plaintiff did not have a noticeable limp when he walked.

Catherine Esquivel testified that about 7:30 a.m. on August 15, 2006, she encountered plaintiff in the office she shared with Martinez. Plaintiff suggested that they go to lunch

sometime, and she declined. About 9:30 a.m., plaintiff returned to the office and asked Esquivel if she was married, and she responded that she was. Plaintiff also asked about lunch again, and Esquivel again declined. About 11:30 a.m., Esquivel and Martinez were waiting for an elevator when plaintiff approached them and asked Esquivel to shake hands. She shook plaintiff's hand, then plaintiff asked her to shake it again, and she did. Plaintiff hung on to Esquivel's hand, and she said "let go of me" and pulled her hand away. Esquivel turned to face the elevator and felt the back of plaintiff's hand brush up against her upper left arm. Esquivel turned to plaintiff and said "get your hand off me." The elevator arrived shortly thereafter, and Esquivel felt a hand pat her left buttock two times as she and Martinez stepped into the elevator. Esquivel turned around and shouted "you keep your hands off me, you're going to get written up" to plaintiff as he walked away.

Esquivel further testified that she reported the incident to Lieutenant Dominguez in security and submitted a sexual harassment complaint against plaintiff. Martinez joined her in the security office as she submitted her complaint. At some point, plaintiff arrived and Lieutenant Dominguez told him to get out, and plaintiff remained outside the glass door to the office. That afternoon, Esquivel and Martinez went to the IAD and encountered plaintiff on their way back. Esquivel stepped inside Officer Wilkens' office to avoid plaintiff, but he entered the office and told Esquivel that he was sorry, and Esquivel told him to step away from her. Esquivel explained that plaintiff's behavior was intimidating and distracting, and on cross-examination, she stated that plaintiff did not have a noticeable limp when he walked.

Sergeant James Banks, the supervisor of in-service training for the DOC, testified that

plaintiff attended a DOC training session from May 22 through May 26, 2006, at which he taught a class on sexual harassment. Sergeant Banks further testified that the DOC's policy regarding sexual harassment provided for disciplinary actions up to and including termination.

A copy of plaintiff's disciplinary record prepared by the Employee Discipline Office of the DOC was admitted into evidence by the Commissioner. The disciplinary record disclosed that plaintiff had received five written reprimands and been suspended without pay seven times from 1993 through 2006.

The hearing was continued until June 17, 2008, at which time the parties argued the Sheriff's motion to bar all reference to or use of any evidence that plaintiff belatedly disclosed to the Sheriff. The Sheriff filed the motion on May 30, 2008. Sheriff's counsel contended that the proposed trial exhibits were untimely and prejudicial, that they lacked a foundation and authentication, and that they were irrelevant. Sheriff's counsel asserted that according to the scheduling order entered on February 26, 2007, all discovery was to have been completed by April 13, 2007, and that plaintiff's counsel tendered a number of exhibits, including medical records, to Sheriff's counsel on May 29, 2008. Plaintiff's counsel responded that the records had been in the Sheriff's possession for two years and were not a surprise. The Commissioner granted the Sheriff's motion to bar plaintiff's medical records, but noted that plaintiff could testify to information contained in the records.

The Sheriff then called plaintiff as a witness, and he testified that he attended a five-day in-service training program taught by Sergeant Banks in May 2006, at which time he reviewed the Sheriff's sexual harassment policy. Plaintiff saw Esquivel and Martinez in their office about

7:30 and 9:30 a.m. on August 15, 2006. Plaintiff asked Esquivel out to lunch at one of those times, and she declined. About 11:30 a.m., plaintiff approached Esquivel and Martinez, who were standing by an elevator. Plaintiff stepped in between them and twice shook Esquivel's hand, but did not hold on to her hand. Plaintiff could not remember if he stroked Esquivel's arm. Plaintiff touched Esquivel's buttocks when the elevator arrived and she stepped into it, and she then screamed at him. Plaintiff said that he was sorry, and the elevator doors closed with Esquivel and Martinez inside. Later that day, plaintiff went to see Lieutenant Dominguez, who ordered him out of his office. About 2:30 p.m., plaintiff encountered Esquivel in Officer Wilkens' office and apologized for his conduct.

On cross-examination, plaintiff stated that he was wearing a medical brace on his right foot at the time of the incident and that he had been wearing a brace since September 30, 2005, when he returned to work after being on disability leave for nine months following an off-duty car accident. Plaintiff explained that as Esquivel entered the elevator, he pivoted on his right leg to turn and walk to his work area and lost his balance. Plaintiff caught himself and regained his balance by grabbing Esquivel's upper arm with his left hand, and in doing so touched her left buttock with the back of his right hand. As soon as he regained his balance, he told Esquivel that he was sorry for touching her. Esquivel was angry, but plaintiff could not remember what she said. Plaintiff explained that he did not intentionally grab Esquivel's buttocks and did not do so in a sexual manner.

Plaintiff then testified on his own behalf that he began working for the Sheriff on October 16, 1989, and that he had never been accused of sexual harassment until Esquivel did so.

Plaintiff often went to lunch with male and female coworkers, and when he asked Esquivel out to lunch he did not say anything of a sexual nature and she did not seem offended. On cross-examination, plaintiff stated that prior to this incident he had never been reprimanded, written up, or suspended.

DOC officer Jay Burg testified that he had known plaintiff since 1989 and that he had never observed plaintiff violate the DOC's sexual harassment policy or behave improperly toward women. David Aranda testified that he had known plaintiff for more than 20 years and that he had never observed plaintiff behave inappropriately toward women.

On August 25, 2008, the Board filed a written decision finding that plaintiff violated the DOC's sexual harassment policy and engaged in conduct unbecoming of a DOC employee by intentionally rubbing Esquivel's arm and patting her buttocks without her consent. As a result, the Board ordered that plaintiff be separated from his employment with the DOC.

On September 24, 2008, plaintiff filed a complaint for administrative review with the circuit court of Cook County. On April 6, 2009, plaintiff filed a memorandum in support of that complaint in which he contended that the Board's decision was against the manifest weight of the evidence and legally erroneous; the Board violated his due process rights to a fair hearing by denying him the ability to introduce medical evidence in support of his defense; and the Board's decision to terminate his employment was excessive, unduly harsh, and unrelated to the needs of service. The Board filed a response contending that the Board's decision that plaintiff violated DOC rules was not against the manifest weight of the evidence, that the evidence supported the Board's decision that discharge was warranted, and that the Board did not abuse its discretion by

1-09-2042

excluding plaintiff's medical evidence. Following plaintiff's reply and oral arguments, the circuit court affirmed the Board's decision. Plaintiff now appeals from that order.

ANALYSIS

Plaintiff first contends that the Board did not have a legitimate reason to bar the medical evidence he wanted to present in support of his defense, and violated his due process rights to a fair hearing when it did so. An administrative agency's decision regarding the conduct of its hearing and the admission of evidence is governed by an abuse of discretion standard and is subject to reversal only if there is demonstrable prejudice to the complaining party. Wilson v. Department of Professional Regulation, 344 Ill. App. 3d 897, 907 (2003).

We conclude that the Board did not abuse its discretion by barring plaintiff from introducing medical evidence that he first tendered to Sheriff's counsel on May 29, 2008, after the hearing had begun and discovery had closed. Plaintiff did not offer any reason to explain why he failed to disclose this evidence prior to the close of discovery or the commencement of the hearing. Moreover, plaintiff has failed to demonstrate that he was prejudiced by the Board's decision to bar his medical evidence where he was allowed to testify as to his medical condition at the time of the incident.

Plaintiff next contends that the Board's decision is against the manifest weight of the evidence. The provisions of the Administrative Review Law (735 ILCS 5/3-101 et seq. (West 2008)) and its accompanying rules govern the judicial review of an order by the Board to discharge an employee. 55 ILCS 5/3-7012 (West 2008). In examining an administrative agency's factual findings, a reviewing court is limited to ascertaining whether such findings of

-7-

fact are against the manifest weight of the evidence. <u>City of Belvidere v. Illinois State Labor Relations Board</u>, 181 Ill. 2d 191, 205 (1998). It is the responsibility of the Board, as the administrative agency, to weigh the evidence, determine the credibility of the witnesses, and resolve conflicts in the testimony. <u>Hurst v. Department of Employment Security</u>, 393 Ill. App. 3d 323, 329 (2009).

Plaintiff asserts that the Board's decision is against the manifest weight of the evidence because the Board disregarded his uncontradicted testimony that he was wearing a medical brace at the time of the incident and that he lost his balance and grabbed Esquivel's arm and touched her buttocks as he attempted to catch himself. Esquivel and Martinez, however, both testified that plaintiff did not have a noticeable limp when he walked. In addition, neither Esquivel nor Martinez testified that plaintiff lost his balance or accidentally fell into Esquivel when he touched her. We defer to the Board's assessment of the testimony and the credibility of the witnesses, and we thus conclude that the Board's finding that plaintiff purposefully touched Esquivel is not against the manifest weight of the evidence and affirm its determination that he violated the DOC rules and regulations by doing so. <u>Trettenero v. Police Pension Fund</u>, 333 Ill. App. 3d 792, 802 (2002).

Plaintiff further contends that the Board's decision to terminate his employment was excessive, unduly harsh, and unrelated to the needs of service. A reviewing court may overturn an agency's sanctions when they are overly harsh in light of mitigating circumstances. <u>Pelling v. Illinois Racing Board</u>, 214 Ill. App. 3d 675, 679 (1991). This court's review is limited to a determination of whether the Board acted unreasonably or arbitrarily by selecting a type of

1-09-2042

discipline that was inappropriate or unrelated to the needs of service. <u>Wilson v. Board of Fire & Police Commissioners</u>, 205 Ill. App. 3d 984, 992 (1990).

Plaintiff asserts that his discharge was an unduly harsh sanction in light of the mitigating evidence he presented at the hearing and that his alleged misconduct did not affect the operation or efficiency of service of the DOC. Although Officer Burg and David Aranda testified that they had never observed plaintiff behave inappropriately toward women and plaintiff testified that he had never been reprimanded, written up, or suspended, plaintiff's disciplinary record disclosed that he had received five written reprimands and been suspended without pay seven times prior to the incident. In addition, Esquivel testified that plaintiff's behavior was intimidating and distracting, and Sergeant Banks testified that the DOC's policy regarding sexual harassment provided for disciplinary actions up to and including termination. Based on the evidence presented at the hearing, the Board found that plaintiff's conduct had the effect of unreasonably interfering with Esquivel's performance and created an intimidating, hostile, and offensive work environment. Considering the evidence of plaintiff's conduct and disciplinary record, we conclude that plaintiff's discharge was not an overly harsh sanction and that the Board did not act unreasonably or arbitrarily by ordering his separation from employment.

Accordingly, we affirm the order of the circuit court of Cook County.

Affirmed.

O'BRIEN and NEVILLE, JJ., concur.

REPORTER OF DECISIONS - ILLINOIS APPELLATE COURT
(Front Sheet to be Attached to Each case)

_____

DOMINGO MATOS,

      Plaintiff-Appellant,

v.

THE COOK COUNTY SHERIFF'S MERIT BOARD, JAMES P. NALLY, Chairman of the Merit Board in his Official Capacity, and THOMAS DART, Sheriff Of Cook County,

      Defendants-Appellees.

_____

No. 1-09-2042

Appellate Court of Illinois
First District, Fourth Division

May 13, 2010

_____

JUSTICE GALLAGHER delivered the opinion of the court.

O'BRIEN and NEVILLE, JJ., concur.

_____

Appeal from the Circuit Court of Cook County.

Honorable Mary Anne Mason, Judge Presiding.

_____

For APPELLANT, Law Office of Thomas S. Radja, Jr., Ltd., Naperville, IL (Thomas S. Radja, Jr., of counsel)

For APPELLEES, Cook County State's Attorney, Chicago, IL (Anita Alvarez, Patrick T. Driscoll, Jr., Julie Ann Sebastian, of counsel)