# Illinois Official Reports

## Appellate Court

---

### *John J. Moroney & Co. v. Illinois Property Tax Appeal Board*,
### 2013 IL App (1st) 120493

---

| | |
|---|---|
| Appellate Court Caption | JOHN J. MORONEY AND COMPANY, Petitioner, v. ILLINOIS PROPERTY TAX APPEAL BOARD, an Illinois Administrative Agency, THE COOK COUNTY BOARD OF REVIEW; SUMMIT SCHOOL DISTRICT NO. 104; and ARGO COMMUNITY HIGH SCHOOL DISTRICT NO. 217, Respondents. |
| District & No. | First District, Fourth Division<br>Docket No. 1-12-0493 |
| Rule 23 Order filed<br>Rule 23 Order<br>withdrawn<br>Opinion filed | October 24, 2013<br><br>December 9, 2013<br>December 12, 2013 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The board of review's denial of petitioner's request for a reduction of the assessment of its vacant industrial property was upheld along with the denial of petitioner's request to submit testimony that the assessor had a policy of issuing assessments based on the vacancy of a building without considering market value, since petitioner failed to establish a policy under which reductions were granted based on vacancy alone and petitioner's witness had no experience with the internal policies of the assessor or the board of review. |
| Decision Under Review | Petition for review of order of Illinois Property Tax Appeal Board, Nos. 05-26920.001-I-3 through 05-26920.002-I-3. |

| | |
|---|---|
| Judgment | Affirmed. |
| | |
| Counsel on Appeal | Patrick J. Cullerton and Timothy L. Binetti, both of Thompson Coburn LLP, of Chicago, for petitioner. |
| | |
| | Anita M. Alvarez, State's Attorney, of Chicago (Patrick T. Driscoll, Jr., Benjamin R. Bilton, and Tatia C. Gibbons, Assistant State's Attorneys, of counsel), for respondent Cook County Board of Review. |
| | |
| | Ares G. Dalianis and Scott R. Metcalf, both of Franczek Radelet P.C., of Chicago, for respondent Argo Community High School District No. 217. |
| | |
| | Alan M. Mullins, of Scariano, Himes & Petrarca, Chtrd., of Chicago, for respondent Summit School District No. 104. |
| | |
| | Lisa Madigan, Attorney General, of Chicago (Michael A. Scodro, Solicitor General, and Valerie J. Quinn, Assistant Attorney General, of counsel), for respondent Illinois Property Tax Appeal Board. |
| | |
| Panel | PRESIDING JUSTICE HOWSE delivered the judgment of the court, with opinion. Justices Lavin and Epstein concurred in the judgment and opinion. |

## OPINION

¶ 1     In this appeal, John J. Moroney & Co. (Moroney) appeals the Illinois Property Tax Appeal Board's (PTAB) decision affirming the Cook County board of review's (board of review) finding that Moroney's property was not entitled to a property tax assessment reduction in 2005. Because Moroney requested an assessment reduction in excess of $300,000 before the PTAB, direct administrative review is afforded in this court pursuant to section 16-195 of the Property Tax Code (35 ILCS 200/16-195 (West 2008)), and, therefore, we have jurisdiction to decide this appeal now before us.

¶ 2     On appeal, Moroney argues that the board of review has a policy of granting reductions for vacant property without requiring further evidence concerning market value and condition of

the property. Moroney also claims that the PTAB abused its discretion by not allowing its witness to give an opinion that the Cook County assessor (assessor) and/or board of review has a policy of issuing assessments based on building vacancy without regard to the property's market value. For the reasons that follow, we affirm the PTAB's findings.

¶ 3                                    BACKGROUND

¶ 4        The property at issue here was owned by petitioner John J. Moroney & Co. and consists of two parcels of land totaling 133,554 square feet located in Lyons Township in Cook County (collectively, the property). The property is improved with a one-story, 63,840-square-foot masonry industrial building.

¶ 5        On March 15, 2005, Moroney vacated the property. The record indicates that Moroney moved to a different facility and placed the property at issue for sale. In November 2006, the property sold for $2.1 million.

¶ 6        In 2005, the assessor's office and board of review approved a tax assessment of $713,627 for the property. Moroney subsequently filed a complaint seeking a reduction of the 2005 assessment based on vacancy, which the board of review denied. The board of review's stated reason for its "no change" finding was "failure to comply with the Cook County Board of Review rules and/or failure to provide evidence supporting a decrease."

¶ 7        It is undisputed that in the proceedings before the Cook County board of review, Moroney failed to comply with Rule 21 of the rules of the board of review. Rule 21 of the "Official Rules of the Board of Review of Cook County" states:

> "If relief is being sought on the grounds of 'vacancy', the taxpayer shall file:
>
> a. A Vacancy-Occupancy Affidavit; (Occupancy shall include all space actually occupied or for which rent is being paid or is payable, even though the space may actually be vacant) and
>
> b. An affidavit setting forth the duration of, and reason for the vacancy, the attempts made to lease the vacant space with documents such as copies of listings and advertisements utilized in such efforts attached. If no such effort was made, the affidavit must set forth the reason no attempt to rent such space was made." Official Rules of the Board of Review of Cook County R. 21 (2004).

In the proceedings before PTAB, Moroney filed the second page of a vacancy affidavit which is not notarized. There is no affidavit in the record that comports with Rule 21 for the 2005 tax year.

¶ 8        Following the board of review's decision, Moroney initiated an appeal to the PTAB. Argo Community High School District No. 217 (District 217) and Summit School District No. 104 (District 104) requested to intervene in the appeal proceedings as taxing districts that have a revenue interest in the subject property, and the PTAB granted those requests.

¶ 9        While the appeal was pending, Moroney sought a reduction of its 2006 tax assessment based on vacancy. The assessor reduced Moroney's 2006 tax assessment from $713,627 to $221,912. This adjustment was calculated by using a lower assessment ratio of 36% and assessing the market value of the vacant property at its reduced value of $628,773.

¶ 10    At the PTAB hearing on the 2005 assessment, the parties stipulated that the property at issue was vacant from April 2005 to December 2005. Following opening statements, Moroney called its first and only witness, Glenn Guttman. Respondents objected to Guttman testifying as an expert witness because no written report had been submitted prior to him testifying. Respondents further objected to Guttman giving any opinions regarding the policies or practice of the assessor or board of review because Guttman had never functioned in such a role. Ultimately, the hearing officer ruled that Guttman would be allowed to testify, but not as to the policies or procedures adhered to by the assessor or board of review in considering modifications to tax assessments. The hearing officer also indicated that Guttman was not testifying as an expert witness. Moroney never laid a foundation or offered Guttman as an expert witness at any time thereafter.

¶ 11    Guttman testified that he is a partner at a law firm who represents property-owning taxpayers. Over the course of his career, he has filed thousands of complaints with both the assessor and the board of review. In his experience, he has asked the assessor or board of review for relief based on a property's vacancy and he has received relief on that basis alone. In his opinion, it is common practice for the assessor and the board of review to grant relief based on a property's economic distress or obsolescence.

¶ 12    In light of the hearing officer's ruling, Guttman's counsel interrupted Guttman's testimony to make the following offer of proof: "and I'll make an offer of proof that if [Guttman] was allowed to give an opinion, Mr. Guttman would be allowed to opine that this affidavit is, in his opinion, evidence that the Cook County assessor's office has a policy of assessing properties without regard to their market value."

¶ 13    Guttman then continued to testify by commenting on approximately 22 exhibits offered by Moroney. Guttman testified that exhibit No. 1 was a 1999 affidavit of Mr. Hugh McKinnen, the director of special properties for the assessor, that had been attached to a response to a motion for summary judgment. The affidavit states that in 1996 a property received a tax assessment reduction based on a 0.025% occupancy factor because the building had been gutted, was undergoing renovation, and was uninhabitable at the time.

¶ 14    Guttman described exhibit No. 2 as a result from the Cook County assessor's office, which is a letter typically sent to taxpayers or their counsel indicating the assessor's decision in an appeal. Exhibit No. 2 is a result indicating a reduction in the assessment due to partial vacancy, which is based upon a 24.7% vacancy factor. The reduction is indicated as being for one year only.

¶ 15    Exhibit No. 3 is a result letter from the Cook County assessor's office indicating that there has been a reduction in the 2005 assessment rate as a result of partial occupancy of the property, which was based upon a 63.7% occupancy factor.

¶ 16    Exhibit No. 4 is a result letter from the Cook County assessor's office review board indicating a reduction in the assessment based upon a 9.9% occupancy rate.

¶ 17    Exhibit No. 5 is an assessor result of a property that recently sold for $1.5 million. It shows that a reduction occurred without factoring in the sale price.

¶ 18     Exhibits No. 6, No. 7, No. 9 and No. 11 all considered occupancy factors in calculating their assessments.

¶ 19     Exhibit No. 12 shows a 10% occupancy factor that is applied to the depreciated costs of improvements to calculate the reduced assessment.

¶ 20     Exhibits No. 13, No. 14, No. 15, and No. 17 show a percentage occupancy factor applied to the property in order to calculate assessments. Exhibit No. 17 in particular shows that the property was sold in 2002 for $250,000 and in 2005, due to vacancy, the assessment ratio would be 38%, giving the property a market value below what it sold for.

¶ 21     Exhibit No. 18 includes the assessor and the board of review's reduced assessment values based on vacancy.

¶ 22     Exhibits No. 19 and No. 20 show reduced assessments as a result of vacancy consistent with the taxpayers' requests. Exhibit No. 20 shows an industrial property that was sold for $1.1 million and assessed at a 36% assessment level.

¶ 23     Exhibit No. 21 is a result letter indicating a reduced assessment consistent with the taxpayer's request.

¶ 24     Exhibit No. 22 is a letter from the assessor's office indicating a reduction in the assessment based on partial occupancy of the property and a 3% occupancy factor.

¶ 25     Exhibit No. 23 is a letter from the assessor's office indicating a reduction in assessment based on total vacancy.

¶ 26     Exhibit No. 24 is a letter regarding a leasehold property that indicates a reduced assessment based on total vacancy.

¶ 27     Moroney's exhibits contained additional relevant information that Guttman did not touch upon during his direct examination, specifically information as to why each property was vacant. Exhibit No. 2 involved a property that was vacant due to environmental contamination; exhibit No. 4 involved a property that was uninhabitable and waiting to be demolished; exhibit No. 5 involved a property with a boarded-up gas station that could not be used due to a noncompetition agreement; exhibit No. 6 involved a warehouse that had been gutted and was left bare; exhibits No. 12 and No. 16 involved boarded-up properties; exhibit No. 21 involved property that was alleged to be uninhabitable and not fit for occupancy; exhibit No. 24 involved property that needed extensive work before it would be functional; exhibit No. 18 involved a property that was under construction; and exhibits Nos. 2, 3, 8, 10, 13, 14, 17, and 19 involved rental properties that were vacant due to an inability or difficultly to rent the property for numerous reasons. Each exhibit referenced evidence to support the conditions that resulted in these properties' vacancy.

¶ 28     On cross-examination, Guttman testified that there are rules and procedures in Cook County that are to be followed when filing real estate tax assessment complaints. He testified that he has filed complaints seeking assessment reductions based on vacancy that have been denied.

¶ 29     Prior to resting, Moroney submitted a legal brief into evidence, which asserted that the board of review must uniformly apply its policies to all taxpayers, including the policy of applying partial assessments based on vacancy.

¶ 30    The board of review's case in chief consisted of a summation of the evidence that it had already submitted to the PTAB, which included an internal memorandum discussing the valuation of the subject property and its 2006 sale along with a brief that argued that the PTAB is not required to grant vacancy relief and that the facts of this case do not warrant vacancy relief.

¶ 31    District 217 offered into evidence a certified copy of the deed from the November 2006 sale of the property. District 217 noted that the parties had attested that the sale price of $2.1 million was a fair reflection of the property's market value on the sale date. Both intervenors argued that Moroney failed to comply with Rule 21 of the board of review's official rules with regard to his appeal for a reduction of the 2005 taxes by failing to submit an affidavit to explain the reasons for vacancy. The intervenors argued that a tax reduction for vacancy was granted for the year 2006 because Moroney complied with the rules and regulations when challenging his 2006 tax assessment.

¶ 32    Following the hearing, PTAB issued a written decision finding no change was warranted in Moroney's 2005 tax assessment because Moroney failed to meet its burden of proof. Specifically, after summarizing the evidence submitted at the hearing, the PTAB found that: (1) Moroney "failed to establish the policy and procedures of the board of review through competent testimony on how relief for vacancy is granted" and (2) Moroney "failed to show the criteria used by the board of review to grant a reduction in assessed value based on vacancy or that the subject property met any of these criteria."

¶ 33    On appeal, Moroney argues that the board of review has a policy of granting reductions for vacancy regardless of the condition of the property. Moroney also claims that the PTAB abused its discretion by not allowing its witness to give an opinion that the Cook County assessor and/or board of review has a policy of issuing assessments based on building vacancy without regard to the property's market value.

¶ 34                                    ANALYSIS

¶ 35    Our review of a PTAB decision is governed by the Administrative Review Law. 735 ILCS 5/3-101 *et seq.* (West 2008); 35 ILCS 200/16-195 (West 2008); *Cook County Board of Review v. Property Tax Appeal Board*, 395 Ill. App. 3d 776, 784 (2009). Our scope of review extends to "all questions of law and fact presented by the entire record." 735 ILCS 5/3-110 (West 2008). The PTAB's findings and conclusions on questions of fact "shall be held to be prima facie true and correct." 735 ILCS 5/3-110 (West 2008); *Cook County Board of Review*, 395 Ill. App. 3d at 784. We will not reweigh the evidence or substitute our judgment for that of the administrative agency. *Cinkus v. Village of Stickney Municipal Officers Electoral Board*, 228 Ill. 2d 200, 210 (2008).

¶ 36    Administrative review proceedings present three types of questions: those of fact, those of law, and mixed questions of fact and law. *Cook County Board of Review*, 395 Ill. App. 3d at 784 (citing *Cook County Republican Party v. Illinois State Board of Elections*, 232 Ill. 2d 231, 243 (2009)). Factual determinations should only be reversed if they are against the manifest weight of the evidence, meaning an opposite conclusion is clearly evident. *Id.*; *Republican*

*Party*, 232 Ill. 2d at 243. A *de novo* standard of review applies to an agency's determination of a question of law. *Id.* Mixed questions of law and fact will only be reversed if the agency's decision is "clearly erroneous." *Id.* at 243-44. "If there is any evidence which fairly supports the agency's findings, the decision must be sustained on review." (Internal quotation marks omitted.) *Du Page County Board of Review v. Property Tax Appeal Board*, 284 Ill. App. 3d 649, 655 (1996). The PTAB cannot base its decision upon facts, data and testimony that do not appear in the record, and its findings must be based on evidence introduced in the case. *Kennedy Brothers, Inc. v. Property Tax Appeal Board*, 158 Ill. App. 3d 154, 166 (1987).

¶ 37                              The PTAB's Final Administrative Decision

¶ 38    Moroney first challenges the PTAB's findings that it failed to meet its burden of proof by: (1) failing "to establish the policy and procedures of the board of review through competent testimony on how relief for vacancy is granted" and (2) failing "to show the criteria used by the board of review to grant a reduction in assessed value based on vacancy or that the subject property met any of these criteria." Because the PTAB's findings of facts were used to determine whether Moroney met its burden in proving uniformity in the application of tax assessments, we will reverse the PTAB's findings only if they are against the manifest weight of the evidence. *Republican Party*, 232 Ill. 2d at 243.

¶ 39    The Illinois property tax scheme is grounded in article IX of the Illinois Constitution of 1970, which provides in pertinent part that real estate taxes "shall be levied uniformly by valuation ascertained as the General Assembly shall provide by law." Ill. Const. 1970, art. IX, § 4(a); *Walsh v. Property Tax Appeal Board*, 181 Ill. 2d 228, 234 (1998). Because uniformity requires equality in the burden of taxation, taxing officials may not value the same kinds of properties within the same taxing boundary at different proportions of their true value. *Walsh*, 181 Ill. 2d at 234 (citing *Kankakee County Board of Review v. Property Tax Appeal Board*, 131 Ill. 2d 1, 20 (1989)).

¶ 40    "The party objecting to an assessment on lack of uniformity grounds bears the burden of proving the disparity by clear and convincing evidence." *Walsh*, 181 Ill. 2d at 234; *Cook County Board of Review v. Property Tax Appeal Board*, 345 Ill. App. 3d 539, 543 (2003) (citing 86 Ill. Adm. Code 1910.63(b) (2000) ("Under the burden of going forward, the contesting party must provide substantive, documentary evidence or legal argument sufficient to challenge the correctness of the assessment of the subject property.")).[1] The PTAB's rules provide:

> "Proof of unequal treatment in the assessment process should consist of documentation of the assessments for the assessment year in question of the subject property and it is recommended that not less than three comparable properties be submitted.

---

[1]We recognize that Moroney challenges this clear and convincing burden based on the "telephone game." However, despite how the rule developed over time, our supreme court has held that the applicable burden of proof is clear and convincing, and we are obligated to follow our supreme court's rulings. See *Walsh*, 181 Ill. 2d at 234.

Documentation must be submitted showing the similarity, proximity and lack of distinguishing characteristics of the assessment comparables to the subject property." 86 Ill. Adm. Code 1910.65(b) (1997).

¶ 41 Here, Moroney attempts to show that the board of review has a policy of automatically granting a reduction based on a claim of vacancy alone. Not only has Moroney failed to show the existence of such a policy, but the evidence in the record indicates that no such policy exists. First, Rule 21 of the "Official Rules of the Board of Review of Cook County" clearly states that when relief is being requested based on vacancy, the taxpayer "shall" file "[a]n affidavit setting forth the duration of, and reason for the vacancy, the attempts made to lease the vacant space with documents such as copies of listings and advertisements utilized in such efforts attached. If no such effort was made, the affidavit must set forth the reason no attempt to rent such space was made." Official Rules of the Board of Review of Cook County R. 21 (2004). This suggests that the board of review requires more than a bare assertion of vacancy when determining modifications in tax assessments. Second, Guttman testified that: (1) he has filed complaints for tax reductions based on vacancy that have been denied and (2) reductions are generally granted when there is a showing of economic distress or obsolescence. These facts offered by Guttman directly contradict Moroney's attempt to argue that there is a policy of automatic reduction based on vacancy alone. And third, none of the exhibits presented by Moroney contain evidence of an automatic reduction based on vacancy alone. In fact, the exhibits include the necessary evidence to support why the property is vacant or what efforts have been made to avoid vacancy and why the property is entitled to a tax reduction. Based on the above, Moroney has clearly failed to show that the board of review has a policy of automatic tax reductions based on a claim of vacancy alone.

¶ 42 Moreover, Moroney failed to offer any evidence as to why its property was left vacant and what efforts, if any, were taken to avoid vacancy in accordance with Rule 21. The evidence offered by Moroney shows that the property was left vacant and nothing more. The question of whether the condition of the property prevented it from being leased or whether the taxpayer made efforts to lease, sell or use the property in any productive manner (which are issues required to be addressed in a rule 21 affidavit) have been left unanswered for 2005.

¶ 43 Moroney submits three PTAB decisions that it claims proves there is a policy of granting reductions based on an assertion of vacancy alone: *Berwyn Development Corp*., Ill. Property Tax Appeal Bd. Docket Mo. 05-20619.001-C-1 (Oct. 22, 2010); *Andersen*, Ill. Property Tax Appeal Bd. Docket No. 01-27601.001-F-1 (Apr. 20, 2004); and *Swanson*, Ill. Property Tax Appeal Bd. Docket No. 01-25877.001-R-1 (Mar. 17, 2005). However, in all three of these appeals, the PTAB was presented with evidence as to why each property was vacant as well as evidence of the assessor's and/or board of review's policy in granting reductions based upon that property's reason for vacancy. In *Berwyn Development Corp*., the PTAB was presented with an affidavit stating the property was vacant because it was part of a redevelopment project, was waiting to be demolished and, therefore, was uninhabitable. The PTAB was also presented with documents from the assessor's office to show that Cook County has a policy of granting such reductions based on habitability. In *Andersen* and *Swanson*, the taxpayers offered evidence showing that each property was vacant because the buildings were being

rehabilitated and, as such, were uninhabitable. The taxpayers further offered evidence from the Cook County assessor regarding a policy of reducing assessments based on the property's habitability.

¶ 44    Here, there is no evidence in the record as to why the property at issue was vacated and no evidence that there is a policy in Cook County of granting reductions based on such a claim of vacancy alone.

¶ 45    We recognize that Moroney's tax assessment was reduced in 2006. However, the fact that Moroney complied with the rules and met its burden in 2006 does not excuse its failure to comply with the rules and meet its burden in 2005. Further, just because factors warranting a reduction existed in 2006, does not necessarily mean they existed in 2005, or any other year for that matter (which is why property taxes are assessed every year).

¶ 46    Moroney's reliance on *Hoyne Savings & Loan Ass'n v. Hare*, 60 Ill. 2d 84 (1974), and *400 Condominium Ass'n v. Tully*, 79 Ill. App. 3d 686 (1979), for the proposition that "subsequent actions by assessing officials are fertile grounds to demonstrate a mistake in prior year's assessments" is misplaced. First, neither *Hoyne* nor *400 Condominium* involved a taxpayer seeking an assessment reduction based on vacancy, an appeal before the PTAB, or the application of the uniformity clause. Further, in each of those unique cases, which are confined to their facts, there were glaring errors in the tax assessments–in *Hoyne*, the assessment was increased on a property from $9,510 to $246,810 in one year even though no changes or improvements to the property had occurred (*Hoyne*, 60 Ill. 2d at 89), and in *400 Condominium*, assessments on a garage were assessed separately from the adjoining condominium in violation of the Condominium Property Act (*400 Condominium*, 79 Ill. App. 3d at 691). Here, based upon the evidence that was submitted, there is no evidence that there was an error in the calculation of the 2005 assessment. Rather, the record shows that the 2005 assessment was properly calculated based on the market value of the property.

¶ 47    It is essential that the taxpayer meet its burden of proof when requesting tax relief. See *Walsh*, 181 Ill. 2d at 234. In the case at bar, Moroney failed to show a policy of granting reductions based on vacancy alone and failed to offer any evidence as to why its property was vacant in 2005. As such, we affirm the PTAB's decision, which affirmed the board of review's decision that the property did not warrant a tax reduction in 2005.

¶ 48                  PTAB's Evidentiary Ruling on Guttman's Testimony

¶ 49    Next, Moroney challenges the PTAB's decision not to allow its witness, Guttman, to testify that the Cook County assessor has a policy of issuing assessments based on building vacancy without regard to the property's market value. For the reasons that follow, we cannot say that the PTAB abused its discretion in excluding such evidence.

¶ 50    An administrative body has broad discretion in conducting its hearings. *Sheehan v. Board of Fire & Police Commissioners*, 158 Ill. App. 3d 275, 286 (1987). An administrative agency's decision regarding the conduct of its hearing and the admission of evidence is governed by an abuse of discretion standard and is subject to reversal only if there is demonstrable prejudice to the complaining party. *Wilson v. Department of Professional Regulation*, 344 Ill. App. 3d 897,

907 (2003); *Matos v. Cook County Sheriff's Merit Board*, 401 Ill. App. 3d 536, 541 (2010). An abuse of discretion exists where no reasonable person would take the position adopted by the trial court (*In re Marriage of Knoche*, 322 Ill. App. 3d 297, 308 (2001)) or where the trial court acts arbitrarily, fails to employ conscientious judgment, and ignores recognized principles of law. *Castro v. Brown's Chicken & Pasta, Inc.*, 314 Ill. App. 3d 542, 554 (2000).

¶ 51    Here, we cannot say that the PTAB abused its discretion such that no other reasonable person would take its position, in prohibiting Guttman from offering the opinion that the board has a policy of granting reductions based on vacancy alone. While Guttman testified that he was an attorney who filed numerous complaints with the assessor and tax appeal board, he did not have any experience working for the assessor or the board of review such that he would have been able to testify based on personal experience as to their internal policies and procedures.[2] Thus, based on Guttman's own testimony, he had no experience with the assessor or board of review's internal policies and procedures and, accordingly, we cannot find that the PTAB abused its discretion in deciding that he was not qualified to give such opinions.

¶ 52    Moroney cites *Board of Education of Gibson City-Melvin-Sibley Community Unit School District No. 5 v. Property Tax Appeal Board*, 354 Ill. App. 3d 812 (2005), in support of its argument that Guttman, a private attorney, should have been allowed to give opinions on the policies and procedures of the assessor and/or board of review. However, this case merely emphasizes why the PTAB did not abuse its discretion in barring Guttman from giving such opinions. In *Board of Education of Gibson City*, the taxpayer offered the supervisor of assessments to give expert opinions on the county's policy of not assessing machinery as real estate. On appeal, the school district challenged the supervisor's opinion, but the court found that the supervisor's testimony was sufficient to show a policy of not assessing machinery as real estate.

¶ 53    Unlike Guttman, the supervisor in *Board of Education of Gibson City* had been qualified as an expert and had personal experience and knowledge of the assessor's policies and procedures in not assessing machinery as real estate. Here, Guttman has absolutely no experience working at the assessor's office or with the board of review. Guttman has only filed complaints with the assessor and board of review, which does not give him any insight, never mind expertise, on the internal policies and procedures of the board of review. Based on those facts, we cannot say that the PTAB abused its discretion in barring Guttman from testifying that the board of review and/or assessor has a policy of reducing tax assessments based on vacancy without considering property value.

¶ 54    While we acknowledge respondents' arguments that Moroney's attorney failed to make a proper offer of proof [3] and failed to submit a written opinion in advance of Guttman's

    [2]Moroney's argument that Guttman's opinions should have been admitted into evidence are premised on Guttman testifying as an expert witness. However, Guttman was never qualified as an expert in this case.

    [3]While Moroney's offer of proof was not perfect, it was sufficient to disclose the nature of the offered testimony. *People v. Andrews*, 146 Ill. 2d 413, 421 (1992) ("The purpose of an offer of proof is to disclose to the trial judge and opposing counsel the nature of the offered evidence and to enable a

testimony,[4] those arguments are moot in light of our finding that the PTAB did not abuse its discretion in prohibiting Guttman from giving opinions on the assessor and/or board of review's policies and procedures and our overall affirmance of the PTAB's decision not to reduce the tax assessment in 2005.

¶ 55                                                    CONCLUSION

¶ 56        For the above reasons, we affirm the PTAB's finding that the subject property did not warrant a tax reduction in 2005. We also affirm the PTAB's decision not to allow Moroney's witness, Guttman, to testify that the Cook County assessor has a policy of issuing assessments based on building vacancy without regard to the property's market value.

¶ 57        Affirmed.

---

reviewing court to determine whether exclusion of the evidence was proper.").

[4]Respondents did not properly appeal this issue and, therefore, it would not be appropriate for us to address it.