RANDY MORELLI, Plaintiff-Appellant, v. BRENDAN D. WARD, Will County Sheriff, *et al.*, Defendants-Appellees.

Third District   No. 3—99—0601

Opinion filed July 20, 2000.

Thomas J. Edstrom (argued), of Chicago, for appellant.

James Glasgow, State's Attorney, of Joliet (Susan O. Bates, Assistant State's Attorney, of counsel), for appellee Brendan D. Ward.

Edward R. Jaquays (argued), of Law Offices of Edward R. Jaquays, of Joliet, for other appellees.

JUSTICE HOMER delivered the opinion of the court:

After being terminated by the Will County Sheriff's Office Merit Commission (Commission), Deputy Randy Morelli sought administrative review. He objected to the Commission's admission of certain hearsay testimony and argued, *inter alia*, that the matter should be remanded to the Commission for presentation of new evidence. The trial court affirmed the Commission's decision, and this appeal followed. After our careful review, we remand the case for presentation of new evidence.

## FACTS

Will County Sheriff Brendan Ward filed a complaint against Deputy Randy Morelli, charging him with the following violations of the Will County Sheriff's Officers Rules of Conduct: conduct unbecoming of an officer, failure to conform to the laws, and improper use of his weapon. These claims arose out of an alleged domestic violence incident that occurred in December 1996 between Morelli and Kelly Weinmann, his girlfriend with whom he has a daughter. The complaint alleged that, while off duty, Morelli physically assaulted Weinmann by pushing her to the ground, choking her, and pointing his duty handgun at her during an argument. These allegations were derived from a police report and grand jury proceedings in a criminal case that resulted from the incident.

A hearing was held before the Commission. The sheriff and the Commission investigators made numerous attempts to subpoena Weinmann to testify but were unsuccessful. Because she did not appear at the hearing, the underlying incident was explained by Officer Griner, the Crest Hill police officer who responded to the scene.

At 5:46 a.m. on December 14, 1996, Officer Griner was dispatched to Morelli's residence because of a "possible domestic situation." On his way, Officer Griner saw Weinmann walking on the sidewalk in the area of the residence. He observed that it was a cold morning and that Weinmann was walking in her stocking feet, carrying her shoes, and wearing her coat open. Although she did not appear to be excited, Officer Griner said that she seemed traumatized or overwhelmed. She began sobbing as she spoke to the officer.

Weinmann told Officer Griner that her boyfriend had choked her, had undressed her, and had put a gun to her head. This statement was admitted into evidence, over Morelli's objection, under the excited utterance exception to the hearsay rule.

Officer Griner took Weinmann to the police station, where he

photographed apparent injuries on Weinmann's neck and hands. Weinmann then completed a "Complaint of Domestic Violence Victim," wherein she described the altercation with Morelli. During his testimony, Officer Griner was asked to review Weinmann's complaint and describe what Weinmann had written. Without objection, Officer Griner testified as follows, apparently reading from Weinmann's written complaint:

> "She stated that she had gone to a Christmas party with [Morelli]. She had come home. They had gotten into an argument about talking to Steve McGrath apparently who is a friend of Randy Morelli's. Stated they started arguing. Choking me, tried to defend myself, choking went off, on. Finally made me go upstairs, made me undress and stay in bed. Put his duty gun to my head and under my jaw and said it would be easy to get rid of me and my daughter didn't need me. I asked him to let me go. I told him I would go naked if he let me. He said go ahead, so I did. When I got almost to a neighbor's, he begged me to come back. When I did, he threw me into the home on the floor, began to choke me again. Finally convinced him to stop. Brought me upstairs again to the bed. After about ten minutes on thinking he was asleep, I called my mother for help and to come get me. After that I got my clothes, got dressed, and started to walk to meet my mother."

At the end of his testimony, the sheriff's counsel moved to admit Weinmann's written complaint into evidence. Morelli's attorney said that he did not object to its "form" being admitted but did object to the document "being offered into evidence for the truth of the matter asserted." The Commission allowed its admission because the document's contents had already been admitted without objection during Officer Griner's testimony.

Officer Griner acknowledged that he did not attempt to question Morelli and no further investigation was conducted that morning. He conceded that inspecting Morelli's body and house for signs of struggle would have been reasonable investigatory techniques to determine the veracity of Weinmann's statements. Later on the day of the incident, Weinmann called Officer Griner, stating that she wanted to withdraw the complaint. Thereafter, Morelli was arrested and indicted on a charge of domestic battery (720 ILCS 5/12—3.2 (West 1998)). That charge was still pending at the time of the Commission hearing.

Morelli testified in his own defense. He stated that he and Weinmann attended the Will County sheriff's office Christmas party together and left between 2 a.m. and 3 a.m. on December 14. During the drive to Morelli's house, they began to argue. Morelli stated that Weinmann was angry about him talking and dancing with other women at the party, and she was upset that he did not want her to

move into his house. He testified that Weinmann struck him several times on the side of his face as he was driving and that he extended his arm to try to keep her from hitting him again. He asserted that Weinmann was intoxicated and she fell a few times as she walked to the house.

Morelli contends that the argument continued inside his home and that he had to restrain Weinmann to prevent her from hitting him. In the process, Weinmann bit him on the chest. He contends that he took no aggressive physical contact against her and only tried to restrain her. He denied undressing her or having his gun out at any time during the dispute. He states that he broke off the argument around 4:30 a.m. and went to bed. When he awoke the next morning, he realized Weinmann was no longer in the residence.

After hearing the evidence, the Commission found Morelli guilty of the charges. A penalty hearing followed and the Commission decided to terminate Morelli's employment.

Thereafter, Morelli filed a complaint for administrative review of the Commission's decision. In his complaint, Morelli objected to the evidence admitted under the excited utterance exception to the hearsay rule and asserted that the Commission's decision was against the manifest weight of the evidence.

While Morelli's administrative appeal was pending before the trial court, the criminal trial on the domestic battery charge against him commenced. After being granted immunity from prosecution for perjury, Weinmann testified at that trial. She completely recanted her previous statements about the events of December 14. She maintained that she lied in her written complaint and in her grand jury testimony. She explained that she was intoxicated at the time of the incident and was very upset with Morelli. She admitted to striking him several times during the course of their argument and said that the only actions Morelli took against her were to try to restrain her and stop her from striking him. She said that she fabricated the story about his abuse because she was angry and wanted to hurt him. In the days after the incident, she wanted to withdraw her complaint and called the police and State's Attorney's office in an attempt to do so. However, she felt pressured by the State's Attorney's office and believed that she had to stand by her original story or she would be sent to jail. Because of that pressure, she perpetuated the lie in her testimony before the grand jury. Morelli was found not guilty in the criminal case.

Morelli subsequently filed a motion for summary judgment in the instant case based upon the admission of the hearsay evidence, in which he asked to be returned to his job and "made whole." As

alternative relief, Morelli requested that the matter be remanded to the Commission for the purpose of supplementing the record with evidence of his recent acquittal on the criminal charges and Weinmann's total recantation of her written complaint and prior testimony.

The trial court dismissed the portion of Morelli's motion requesting that the case be sent back to the Commission and otherwise denied the motion. Thereafter, the trial court affirmed the decision of the Commission.

On appeal, Morelli contends: (1) the Commission committed reversible error by admitting the hearsay testimony of Officer Griner under the excited utterance exception to the hearsay rule, (2) the trial court erred in dismissing that portion of Morelli's motion for summary judgment requesting the cause be remanded to the Commission for the presentation of new evidence, and (3) the trial court erred in affirming the Commission's decision.

## ANALYSIS

### A. Hearsay

██ █ Hearsay evidence is an out-of-court statement offered to prove the truth of the matter asserted. *Horace Mann Insurance Co. v. Brown*, 236 Ill. App. 3d 456, 461, 603 N.E.2d 760, 764 (1992). Such evidence is inadmissible in administrative proceedings unless it falls within one of the recognized exceptions to the rule. See *Kurdi v. Du Page County Housing Authority*, 161 Ill. App. 3d 988, 992-93, 514 N.E.2d 802, 805-06 (1987). For a hearsay statement to be admissible under the excited utterance exception, there must be: (1) an occurrence or event sufficiently startling to cause a spontaneous and unreflecting statement, (2) an absence of time to fabricate, and (3) a relationship between the statement and the circumstances of the occurrence. *People v. Meras*, 284 Ill. App. 3d 157, 161-62, 671 N.E.2d 746, 750 (1996).

Deciding whether this exception applies requires consideration of the totality of the circumstances in the particular case. An administrative agency's decision regarding the admission of evidence is discretionary and will not be disturbed on review absent an abuse of discretion. *McCleary v. Board of Fire & Police Commissioners*, 251 Ill. App. 3d 988, 994, 622 N.E.2d 1257, 1262 (1993).

Officer Griner was permitted to testify that, when he arrived at the scene, Weinmann told him that her boyfriend had choked her, had undressed her, and had put a gun to her head. Morelli argues that this declaration was neither spontaneous nor unreflecting and that enough time had passed to allow Weinmann the opportunity to fabricate her account. He contends that the fact that the officer did not perceive

Weinmann as intoxicated when he talked to her indicates that a significant amount of time elapsed between the alleged events and her declaration and that she possessed the mental capacity to, upon reflection, fabricate a false statement. He concludes that her declaration was likely tainted by her own self-interest, that being her anger toward Morelli and her desire to exact revenge.

■ Although we may agree that Weinmann's hearsay declaration was not shown to fall within the excited utterance exception to the hearsay rule, we determine that its admission does not warrant reversal. The admission of this evidence was, at most, cumulative to the other evidence in the record supporting the Commission's decision. Where there is other evidence sufficient to support an administrative decision, the improper admission of hearsay testimony is not prejudicial error. *Discovery South Group, Ltd. v. Pollution Control Board,* 275 Ill. App. 3d 547, 554, 656 N.E.2d 51, 56 (1995).

In the instant case, the record shows that Officer Griner was permitted, without objection, to read from Weinmann's written complaint, wherein Weinmann described in great detail her alleged physical altercation with Morelli. It is well settled that any hearsay evidence admitted without objection is properly considered and should be given its natural probative effect. See *Jackson v. Board of Review of Department of Labor,* 105 Ill. 2d 501, 508, 475 N.E.2d 879, 883 (1985).

Under these circumstances, the admission of Weinmann's declaration to Officer Griner was not prejudicial because we find that the Commission's decision was sufficiently supported by properly admitted evidence. Therefore, we determine that the trial court was justified in rejecting Morelli's request for summary judgment based on his hearsay argument.

## B. New Evidence

Morelli argues, in the alternative, that the trial court erred in denying his request that the case be remanded to the Commission for presentation of new evidence. He contends that the Commission should be given the opportunity to consider evidence showing that he was acquitted of the criminal charges brought against him because of Weinmann's total recantation of her written complaint and grand jury testimony.

■ Section 3—111(a)(7) of the Code of Civil Procedure provides that a trial court reviewing an administrative decision has the power to:

> "remand for the purpose of taking additional evidence when from the state of the record of the administrative agency or otherwise it shall appear that such action is just. However, no re-

mandment shall be made on the ground of newly discovered evidence unless it appears to the satisfaction of the court that such evidence has in fact been discovered subsequent to the termination of the proceedings before the administrative agency and that it could not by the exercise of reasonable diligence have been obtained at such proceedings; and that such evidence is material to the issues and is not cumulative." 735 ILCS 5/3—111(a)(7) (West 1998). The question of whether to remand a case to the administrative tribunal to present new evidence is a matter within the sound discretion of the trial court. *Caliendo v. Martin*, 250 Ill. App. 3d 409, 419, 620 N.E.2d 1318, 1326 (1993).

■ Following our careful review, we determine that the trial court abused its discretion in failing to remand the cause to the Commission. Weinman's trial testimony is clearly material to the issues raised before the Commission. The administrative charges filed against Morelli were based upon Weinmann's grand jury testimony, which she now maintains was fabricated. Weinmann's written complaint, which she has now retracted, was substantive evidence presented to the Commission. It would be unjust to deny Morelli the opportunity to present new evidence to the Commission showing that its decision is based upon testimony and statements that Weinmann now claims to be false.

Although this new evidence came into existence after the Commission made its decision, the sheriff and Commission argue that Morelli failed to show that the new evidence could not, by the exercise of reasonable diligence, have been obtained at the administrative level. They point out that Morelli made no effort to compel Weinmann to appear and testify at the administrative hearing despite the fact that he had contact with her during this time period. We reject this argument.

Although it appears that Morelli had some contact with Weinmann during the pendency of this case, she remained the alleged victim and complaining witness against him. She had signed a sworn complaint and testified against him before a grand jury. There is nothing in the record indicating at what point Weinmann decided to recant her written complaint and prior testimony. Likewise, there is nothing in the record to suggest that Morelli knew or could have known that Weinmann was willing to recant her written statement and prior testimony. Under such circumstances it would be unjust to penalize Morelli for not seeking out the complaining witness to appear.

Justice requires that this cause be remanded to the Commission for consideration of the new evidence of Weinmann's recantation of her written complaint and grand jury testimony. On this basis, we reverse the trial court's judgment and direct the Commission to reconsider its decision in light of the new evidence.

## CONCLUSION

For the foregoing reasons, the judgment of the circuit court of Will County is reversed, and the cause is remanded to the Commission for further proceedings consistent with our decision.

Reversed and remanded with directions.

SLATER, P.J., and BRESLIN, J., concur.